STATE v. SNOW MOORE.

*Jurisdiction of criminal offences, concurrent, exclusive. Indictment.*

1. Under the provisions of the act of 1879, ch. 92, the superior, inferior and criminal courts have concurrent jurisdiction with justices of the peace of all affrays, assaults, and assaults and batteries, where a justice has not taken jurisdiction within six months after the commission of the offence.

2.  And indictments for such offences need not aver that the offence was committed more than six months before the finding of the bill and that no justice has taken jurisdiction. This is matter of defence and may be taken advantage of under the plea of "not guilty."

3.  The superior and criminal courts have exclusive jurisdiction of all assaults with intent to kill or commit rape, and where a deadly weapon is used or serious damage done. Inferior courts have like jurisdiction except in assaults with intent to commit rape. And here, the indictment should contain the proper averments of the intent, the character of the weapon and the extent of the injury.

4.  Remarks of ASHE, J, upon the effect of omitting the term "exclusive" in section twenty-seven, article four of the constitution of '75.

INDICTMENT for an Affray, tried at Fall Term, 1879, of IREDELL Superior Court, before *Schenck, J.*

The defendants, Snow Moore and William Sloop, were tried and convicted on an indictment for an affray in the usual form. It was in proof that the defendant, Moore, struck his co-defendant with a stick loaded in the end with lead, and knocked out his eye. The counsel for defendants moved in arrest of judgment because the indictment did not allege that a deadly weapon was used nor serious damage done; and because the indictment did not charge that the affray occurred more than six months before the finding of the bill. The motion was overruled, judgment, appeal by defendants.

*Attorney General,* for the State.
The defendants were not represented in this court.

ASHE, J. This case presents one of the numerous questions of jurisdiction, which are constantly arising from hasty and inadvertent legislation on the subject of the distribution of the judicial powers of the government among the different courts of the state. Judges and justices are in doubt as to their jurisdiction in many cases. Solicitors are at a loss how to frame their bills. And the consequence is,

litigation is increased and expenses incurred by the very legislation which was intended to simplify and cheapen legal proceedings. This very case now before us is an instance of this uncertainty in the construction of the laws.

The constitution in section twelve, article four, declares that the general assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it, as a co-ordinate department of the government; but the general assembly shall allot and distribute that portion of the power and jurisdiction, which does not pertain to the supreme court, among the other courts prescribed in the constitution or which may be established by law, in such manner as it may deem best. And again in section twenty-seven of the same article, it is declared "that justices of the peace shall have jurisdiction of all criminal matters arising within their counties, where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days."

The superior courts by their original constitution had jurisdiction of all criminal offences, and still have, except where it has been restricted by the constitution or some act of the legislature. Under the constitution of '68, justices had *exclusive* jurisdiction of all criminal matters where the punishment could not exceed a fine of fifty dollars or one month's imprisonment. But the term "*exclusive*" is omitted in the constitution of '75, and we think the effect of this omission is to give concurrent jurisdiction to the superior, inferior, and criminal courts with justices of the peace in all cases where the punishment cannot exceed a fine of fifty dollars or thirty days' imprisonment, except in those cases where by the act of the legislature exclusive jurisdiction is given to justices of the peace; but even in those cases, with a qualification in respect to affrays, assaults, and assaults and batteries.

Construing the sixth, seventh and eleventh sections of the

act of 1879, ch. 92, together, we think the superior and criminal courts have exclusive jurisdiction of all assaults with intent to kill or with intent to commit rape, or where a deadly weapon has been used or serious damage done; and concurrent jurisdiction with justices of the peace of all assaults committed within one mile of the place where and during the time such court is held, and of all affrays, assaults, assaults and batteries where a justice of the peace has not within six months after the commission of the offence proceeded to take official cognizance of the same. And inferior courts have like jurisdiction, except in cases of assaults with intent to commit rape.

In framing bills of indictment for such offences, it is not necessary to aver that the offence was committed more than six months before the finding of the bill and that no justice of the peace has taken official cognizance of it. That is matter of defence like the statute of limitations. It is matter which goes to the jurisdiction of the court and may be taken advantage of under the plea of "not guilty." Arch. Cr. Pl., 80. But in indictments for assaults with intent to kill or with intent to commit rape, or where a deadly weapon has been used or serious damage done, there, it would be necessary for the bill to contain the proper averments of the intent, the character of the weapon and the extent of the injury.

In this case there is no averment of the use of a deadly weapon or of any damage done, but the defendants are found guilty of an affray and of mutually assaulting and beating each other, and as it is not made to appear that the bill was found within six months after the commission of the offence and that a justice of the peace has taken official cognizance of the case, the superior court had jurisdiction. There is no error in the judgment of the court below. Let this be certified, &c.

PER CURIAM.                                    No error.