STATE v. DAVID BERRY.

*Assault—Jurisdiction.*

Where the jury find by special verdict that the assault with which the defendant is charged was committed within the six months next before the finding of the bill of indictment, the jurisdiction of the superior court is ousted, and the case should be dismissed.

(*State* v. *Moore,* 82 N. C., 659; *State* v. *Hooper,* Ib., 663, cited and approved.)

INDICTMENT for an Assault, tried at Spring Term, 1880, of PERQUIMANS Superior Court, before *Graves, J.*

The defendant was indicted for a simple assault. The jury returned a special verdict, and among other facts found by them, was the fact that the assault was committed on or about the first day of March, 1880, which was within six months before the finding of the bill at said term of the court. His Honor held that according to the finding of the

jury upon the facts of the case, that the defendant was guilty of an assault; but as it also appeared from the bill and the finding of the jury, that the indictment was found by the grand jury within six months after the commission of the offence, the superior court had no jurisdiction, and the case was for that cause dismissed. Appeal by the state.

*Attorney General*, for the State.
No counsel for the defendant.

ASHE, J. In this ruling we hold there was no error. The act of 1879, ch. 92, § 2, gives exclusive jurisdiction to justices of the peace of all affrays, assaults, and assaults and batteries, and fixes the maximum of the punishment for such offences at a fine of fifty dollars or imprisonment for thirty days. And it is provided in section eleven of the same act, that nothing in " this act shall be construed to prevent said courts (superior, inferior or criminal) from assuming jurisdiction of affrays, assaults, and assaults and batteries, if some justice of the peace shall not, within six months after the commission of the offence, have proceeded to take official cognizance of the same."

The construction of these several sections of the act of 1879 given by this court, is, that after six months from the commission of the offences of affrays, assaults, and assaults and batteries, the superior courts have concurrent jurisdiction with justices of the peace, unless they have taken official cognizance of the same within the six months; and in " framing bills of indictment for such offences, it is not necessary to aver that the offence was committed more than six months before the finding of the bill, and that no justice has taken official cognizance thereof. That is matter of defence like the statute of limitations. It is matter which goes to the jurisdiction of the court, and may be taken advantage of under the plea of not guilty." *State* v. *Moore*,

82 N. C., 659; *State* v. *Hooper, Ib.*, 663; *State* v. *Taylor, ante,* 601.

Within the six months, the justices have exclusive jurisdiction of such cases. And as in this case where the fact is found by the jury in their special verdict, that the assault with which the defendant is charged was committed within six months before the finding of the bill of indictment, it was not only proper, but the duty of the court, to dismiss the case and discharge the defendant.

And in this connection it may not be amiss to suggest, that in cases like this, where the indictment is dismissed on similar grounds, if the justice should fail to take jurisdiction within the six months, that after that the jurisdiction of the superior court would attach, and the defendant might be again indicted in that court for the same offence.

There is no error. Let this be certified, etc.

PER CURIAM.                                                   No error.