## STATE v. M. R. REAVES.

### Criminal Jurisdiction.

1. The superior, inferior and criminal courts have jurisdiction of all offences, whereof exclusive jurisdiction is given to justices of the peace, if some justice shall not within six months after their commission have proceeded to take cognizance of the same. Act 1881, ch. 210. And if the prosecution originated in any of said courts before the expiration of the six months, objection to the jurisdiction must be taken as matter of defence upon plea of not guilty.

2. Although, on trial of an indictment for assault with intent to commit rape, the jury find the defendant guilty of the assault only, yet the superior court having jurisdiction of the offence charged, can proceed to judgment upon conviction of the subordinate misdemeanor.

(State v. Moore, 82 N. C., 659; Hooper, Ib., 663; Taylor, 83 N. C., 601; Berry, Ib., 603; Slagle, 82 N. C., 653; Watts, Ib., 656; Perkins, Ib., 681, cited and approved.)

INDICTMENT for assault with intent to commit rape, tried at Spring Term, 1881, of JOHNSTON Superior Court, before Gudger, J.

The defendant is charged with an assault and battery upon the body of one Margaret D. Stephenson with intent to commit rape, and found guilty of the assault and battery only.

At the trial the court was asked to charge the jury that the defendant could not be convicted under the bill of indictment, unless the intent alleged was shown by the state. The court refused to give this direction, and instructed the jury that they could convict of the offence imputed, or of the assault only, as the evidence satisfied them.

To the refusal and to the instruction given the defendant excepts. Verdict of guilty, judgment, appeal by defendant.

Attorney General, for the State.
No counsel for defendant.

SMITH, C. J. After the rendering of the verdict, a motion in arrest of judgment was submitted on the ground of a want of jurisdiction in the court over the minor misdemeanor included in the charge, it appearing in evidence that the assault was made within six months preceding the finding of the bill, and was not attended with serious damage. The testimony heard by the jury, it is stated, did not show that any serious injury had been inflicted upon the person of the prosecutrix.

The restricted original jurisdiction conferred upon the superior, inferior and criminal courts over inferior misdemeanors by the act of 1879, ch. 92, defining "criminal jurisdiction of justices of the peace," has been enlarged by the amendatory act of 1881, ch. 210, and they may now take original cognizance " of all offences whereof exclusive jurisdiction is given to justices of the peace, if some justice of the peace shall not within six months after the commission of the offence have proceeded to take official cognizance of the same."

The only objection then which can now be taken to the exercise of original jurisdiction over offences committed to the cognizance of a justice, is, that the prosecution originated in the superior and other specified courts before the expiration of six months after their perpetration, and this is matter of defence upon the trial before the jury of the plea of not guilty. *State* v. *Moore*, 82 N. C., 659; *State* v. *Hooper*, *Ib.*, 663; *State* v. *Taylor*, 83 N. C., 601; *State* v. *Berry*, *Ib.*, 603.

But we do not interpret the statute which suspends the exercise of the admitted jurisdiction over these inferior offences for a limited period, in order that they may be brought before a justice for adjudication and punishment, as prohibiting the court from proceeding to judgment upon a criminal charge exclusively committed to it, where the verdict acquits of the higher and convicts of the subordinate included criminal act. Having acquired cognizance of the im-

puted crime, the court may proceed to dispose of the subordinate misdemeanor, of which it could not have taken jurisdiction as a distinct substantive offence, until after the lapse of the specified time without judicial action commenced before a justice.

It is not a case of denied jurisdiction, but a suspension of its exercise in an original proceeding; and in our opinion the legislation was not intended to arrest further proceedings when the assumed jurisdiction was rightful, and neither offence is outside of that jurisdiction ultimately.

There have been several adjudications warranting a verdict which finds a defendant charged with an assault with intent to commit rape, guilty of an assault only. *State* v. *Slagle*, 82 N. C., 653; *State* v. *Watts, Ib.*, 656; *State* v. *Perkins, Ib.*, 681.

There is nothing that we discover in the bill to sustain the motion to arrest the judgment.

There is no error, and this will be certified to the end that the court proceed to judgment.

No error.                                   Affirmed