STATE v. JOSEPH WATTS.

*Criminal Jurisdiction—Review of Statutes.*

The act of 1879, ch. 92, does not apply to proceedings pending at the date of its ratification ; hence the superior court was not restricted in its jurisdiction and power to punish by fine or imprisonment or both, defendants convicted of assaults, &c., upon indictments found prior to that act. (Review of the statutes in reference to criminal jurisdiction, by ASHE, J.)

(*State* v. *Heidelburg*, 70 N. C., 496, cited and approved.)

INDICTMENT for an assault with intent to commit rape, tried at Fall Term, 1879, of HAYWOOD Superior Court, before *Graves, J.*

The defendant was convicted of the simple assault but not of the assault with intent to commit rape. Upon judgment being pronounced against him he appealed to the supreme court, when, at the January term, 1880, it was held there was no error in the proceedings had in the superior court. 82 N. C., 656.

At fall term, 1880, of said superior court the defendant appeared before the court (Judge Gilmer presiding) and on motion of the solicitor for the district, judgment was pro-

nounced against him that he be imprisoned twelve months in the county jail and pay a fine of fifty dollars. From which judgment the defendant appealed to this court, insisting that no punishment could be inflicted upon his conviction for this offence greater than a fine of fifty dollars and thirty days imprisonment, and the court was restricted to these limits, and this is the only question presented by the appeal.

*Attorney General*, for the State.
*Mr. Geo. A. Shuford*, for the defendant.

ASHE, J. In considering the question raised by the appeal, we have thought it might clear up some doubts by giving a full history of the jurisdiction of the courts over the subject of assaults, and assaults and batteries.

The act of 1869, ch. 178, sections 1, 2 and 6, gave justices of the peace final jurisdiction of assaults, and assaults and batteries, under certain circumstances (see Bat. Rev., ch. 33, § 119, and sub-sections 1, 2 and 3), but these sections in relation to these offences were repealed by the act of 1870–'1, ch. 43, § 2 (Bat. Rev., ch. 32, § 111,) which says, that "in all cases of an assault with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment or both at the discretion of the court." This act effectually deprived justices of their jurisdiction, for although the constitution of 1868, article 4, section 33, gave justices of the peace jurisdiction of criminal actions where the punishment could not exceed a fine of fifty dollars or one month's (now 30 days) imprisonment, as soon as the legislature removed the limit on the punishment prescribed by the act of 1868–'9, and left it discretionary with the court to transcend that limit, the jurisdiction of justices of the peace was taken away. *State* v. *Heidelburg*, 70 N. C., 496.

This act then gave exclusive jurisdiction to the superior,

criminal and inferior courts, of assaults, and assaults and batteries, and was followed by the act of 1873–'4 making further changes in the law in this respect. It is provided in section 6 of that act, "that section 111, Bat. Rev., ch. 32, (act of 1870–'1), shall be made to read as follows: In all cases of assaults without intent to kill, and where no deadly weapon has been used, and no serious damage done, and when the party injured shall make complaint before a justice of the peace for the county in which the offence shall have been committed, and shall ask the justice finally to determine the action, in such case the punishment shall not exceed a fine of fifty dollars or imprisonment for one month." It will be seen that this act only puts a limitation on the punishment, when the justice at the instance of the party injured has taken cognizance of the offence. When he had not done so, the jurisdiction was left as before and the punishment was discretionary with the court.

It was whilst the law established by these acts was in operation, giving the indisputable jurisdiction to the superior courts over assaults, and assaults and batteries, except in the case above mentioned, that this bill of indictment was found by the grand jury.

Then came the act of 1879, ch. 92, making still further changes in section 111, chapter 32, of Battle's Revisal, providing that where no deadly weapon was used and no serious damage done, the punishment shall not exceed a fine of fifty dollars or imprisonment for thirty days. It was the purpose of the legislature by this provision in the act to give jurisdiction of all simple assaults, and assaults and batteries, to justices of the peace, still leaving the jurisdiction in the courts, if some justice of the peace should not within six months after the commission of the offence take official cognizance of the same. Section 11.

But these provisions of the act of 1879 do not affect our case, for there is a saving in the act of just such cases as

this.   It is declared in section 12 of the act, that, " this act shall not apply to proceedings now pending in the superior, criminal, or inferior courts." This bill of indictment was found by the grand jury in October, 1878, and has been pending ever since. It comes clearly within the saving of the act, and there can be no question as to the jurisdiction of the superior court and its power to punish by fine or imprisonment, or both, at its discretion.

There is no error.   Let this be certified to the superior court of Haywood county that proceedings may be had according to law.

No error.                                        Affirmed.