STATE v. W. T. RAY and another.

*Jurisdiction of Superior Court in cases of Assault.*

The superior court has jurisdiction under its general power to try assaults where no deadly weapon is used or serious damage done, in all cases where it has jurisdiction of the offence *charged.* After thus gaining jurisdiction, it will proceed with the case, even though the proof should show the offence to be less in degree than that charged.

(*State* v. *Reaves,* 83 N. C., 553, cited and approved).

INDICTMENT for assault and battery tried at Fall Term, 1883, of MADISON Superior Court, before *Gudger, J.*

The indictment charged that the assault was committed upon one James Dover "with a certain deadly weapon, to-wit, a chair, knife and pistol."

The jury found a special verdict, which is substantially as follows: That the defendant struck Dover four blows with a stick; that said stick was not a deadly weapon and no serious damage was done; that on the same occasion the other defendant struck Dover one blow with his fist, no serious damage being done; that no justice of the peace, or court other than this, has attempted to exercise jurisdiction of this offence, and that this prosecution was begun less than six months since the commission of the alleged assault.

Thereupon, the judge being of opinion that the defendants

were not guilty, directed a verdict of not guilty to be entered, and from this ruling the state solicitor appealed.

*Attorney-General*, for the State.
No counsel for defendants.

MERRIMON, J.   The indictment charges an offence of which the superior court had jurisdiction.   It turned out, however, on the trial, that the proof was that the defendants were guilty of the assault, but not with a deadly weapon.   The defendants are guilty of an offence inferior to that charged, and of which a justice of the peace had original jurisdiction.   This inferior offence is of the same nature as that charged, and the superior court having gained jurisdiction, will continue to hold it, and proceed to judgment.

It was not the intention of THE CODE, §892, defining and establishing the jurisdiction of justices of the peace in certain cases, to arrest the jurisdiction of the superior court where it turned out on the trial that an offence of the same nature as that charged in the indictment, but of less degree, was proved.   The court having gained jurisdiction, will continue to hold it in such a case, because it is a court of general jurisdiction, and has jurisdiction of such inferior offences, except as the same is abridged or suspended by the express words of the statute, or by necessary implication.   This is not so as to the jurisdiction of a justice of the peace, because his jurisdiction is not general, but a limited one.   This is settled.   *State* v. *Reaves*, 85 N. C., 553.

Upon the special verdict, the court ought to have directed a verdict of guilty to be entered.   There is error, and the judgment must be reversed, the verdict of not guilty upon the special verdict set aside, and the verdict of guilty entered, and further proceedings had according to law.   Let this be certified.

Error.                                          Reversed.