STATE v. LOUIS L. SPELLER.

*Jurisdiction of Criminal offences.*

1. The inferior and superior courts have concurrent jurisdiction of all offences whereof jurisdiction is given to the inferior court. THE CODE, § 1241.

2. These courts have jurisdiction of an indictment containing two counts —first, charging an assault with a deadly weapon, and secondly, an assault and battery; and a finding by the jury of "not guilty" on the first, but "guilty" on the second count, will not oust the jurisdiction—approving *State* v. *Ray*, 89 N. C., 587, and the case therein cited.

(*State* v. *Reaves*, 85 N. C., 553; *State* v. *Ray*, 89 N. C., 587, cited and approved.)

INDICTMENT for an assault, tried at Spring Term, 1884, of BERTIE Superior Court, before *Avery, J.*

The prosecution was commenced in the inferior court of Bertie county, and the indictment contained two counts— first, for an assault with a deadly weapon, and secondly, for an assault and battery. The jury found the defendant "not guilty" on the first count, but "guilty" on the second.

The assault and battery was proved to have been committed in November, 1883, and the bill of indictment was found by the grand jury at February term, 1884. It was also proved that it was committed by the defendant upon the person of the prosecutrix with a stick, which broke her arm.

The defendant moved in arrest of judgment upon the' ground that it appeared from the bill of indictment that the court did not have jurisdiction of the offence, as charged in the second count of the indictment.

The motion was overruled, and the court rendered judgment, from which the defendant appealed to the superior court, and at spring term, 1884, of that court the judgment of the inferior court was affirmed and the defendant appealed to this court.

*Attorney General,* for the State.

No counsel for defendant.

ASHE, J. THE CODE, § 808, provides that the "inferior

courts shall have jurisdiction of all crimes and misdemeanors, except those whereof exclusive original jurisdiction is given to justices of the peace, and except the crimes of murder, manslaughter, arson, rape, assault with intent to commit rape, burglary, horse stealing, libel, perjury, forgery and highway robbery." The crime of an assault and battery with a deadly weapon falls within neither of these exceptions. The inferior court consequently had jurisdiction of that offence.

The crime *charged*, then, in this indictment is one of which the inferior court had jurisdiction, but on the trial the jury found the defendant guilty of an assault and battery, but not guilty of assault and battery with a deadly weapon. The defendant was found guilty of an offence inferior to that as *charged*, and of which a justice of the peace had original jurisdiction. But the inferior offence is of the same nature as that charged, and it has been held by the court in *State* v. *Reaves*, 85 N. C., 553, and *State* v. *Ray*, 89 N. C., 587, in like cases, that where the superior courts have once gained jurisdiction, which they do by the general finding of "a true bill" by the grand jury, they will continue to hold it, and cannot be ousted of their jurisdiction by the finding of a verdict by the petty jury of "guilty" of the inferior offence only. And in this respect there can be no distinction between the jurisdiction of the superior and inferior courts; for by section 1241 of THE CODE it is provided that the inferior and superior courts shall have concurrent jurisdiction of all such offences whereof jurisdiction is given to inferior courts.

Our conclusion therefore is that the inferior court had jurisdiction and that there is no error. Let this opinion be certified to the superior court of Bertie county, that the same may be certified by that court to the inferior court of that county that the case may be proceeded with according to law.

No error.                                   Affirmed.