STATE v. HUGH A. RUSSELL.

*Indictment—Assault and Battery—Character of Weapon—Jurisdiction.*

1. In indictments for assault with intent to kill or commit rape, the *intent* must be averred.

2. Where an assault is charged to have been committed with a deadly weapon, the *character* of the weapon must be averred.

3. Where the indictment charges an assault by which serious damage was done, the *extent* of the injury must be averred.

4. Though the indictment charge an assault with a deadly weapon without stating the particular kind of weapon used, and it does not appear by the record or the case that the same was found within six months after the commission of the offence, the indictment will be sustained for a simple assault and battery and the superior court will hold jurisdiction and determine the matter.

(*State* v. *Moore*, 82 N. C., 659; *State* v. *Gainus*, 86 N. C., 632, distinguished; *State* v. *Reaves*, 85 N. C., 553; *State* v. *Taylor*, 83 N. C., 601; *State* v. *Ray*, 89 N. C., 587, cited and approved.)

INDICTMENT for assault and battery tried at Spring Term, 1884, of SAMPSON Superior Court, before *Shepherd, J.*

There were two counts in the indictment, one of which charged that the alleged assault was committed with a deadly weapon, without specifying the weapon, and the other did not aver the use of a deadly weapon but charged that serious damage had been done.

Before pleading, the defendant moved to quash the indictment on the ground that the particular kind of weapon used was not named in the bill. The motion was overruled, and the defendant excepted.

After verdict of guilty the defendant moved in arrest of judgment upon the same ground as that upon which the motion to quash had been based, and this motion was also

overruled, and the defendant appealed from the judgment pronounced.

*Attorney- General,* for the State.

*Mr. D. B. Nicholson,* for defendant.

ASHE, J.   The motion of the defendant in arrest of judgment was properly overruled, notwithstanding the first count in the bill of indictment charging the assault and battery to have been committed with a deadly weapon, is obnoxious to the objection by the defendant.

In *State* v. *Moore,* 82 N. C., 659, it is held that in indictments for assaults with intent to commit rape, or where a deadly weapon has been used or serious damage done, then it is necessary for the bill to contain the proper averments of the intent, the *character of the weapon* used and the extent of the injury.   This would seem at first blush to be inconsistent with the decision in *State* v. *Gainus,* 86 N. C., 632, where it was held that in an indictment for an assault with an intent to murder, it is not necessary to state the instrument used by the assailant.   But when the rulings as stated above in *Moore's case,* are classified, it will be seen that there is no inconsistency.

Three classes of cases are there mentioned: 1. Indictments for assault with intent to kill or with intent to commit rape; there the *intent* must be averred.   2. Where an assault and battery is charged to have been committed with a deadly weapon; there the *character* of the weapon must be averred.   3. Where the indictment charges the assault and battery by which serious damage was done; there the *extent* of the injury must be averred.

So it will be seen from this analysis of the ruling in that case, that it was not held that the instrument or its character must be stated in indictments for assaults and batteries with intent to kill, but only the intent.

40

The decision in *Moore's case* is supported by English decisions in indictments preferred under the statute of 7 George II, ch. 21, which declared "that if any person or persons shall with any *offensive weapon or instrument* unlawfully and maliciously assault," &c. In the indictments under this statute it was held that the nature of the offensive weapon must be stated. 1 East P. C., pp. 419, 420, 421.

But however defective the first count may be, standing alone, as an indictment for an assault and battery with a deadly weapon, where it does not appear from the record or statement of the case that the indictment was found within six months from the commission of the offence, the indictment must be sustained for a simple assault and battery. *State* v. *Reaves*, 85 N. C., 553; *State* v. *Taylor*, 83 N. C., 601; *State* v. *Moore, supra*; *State* v. *Ray*, 89 N. C., 587.

There is no error in overruling the motion of the defendant. Let this be certified to the superior court of Sampson county, that further proceedings may be had according to law.

No error.                              Affirmed.