STATE v. E. K. CUNNINGHAM.

*Assault and Battery—Pleading—Practice—Jurisdiction.*

1. When the defendant files no plea, no issue is joined, and the verdict of the jury is a nullity, and no judgment can be prounced on it.

2. The Superior Court has original jurisdiction of assaults and batteries: 1st, when a deadly is used ; 2nd, when serious damage is done ; 3rd, when the offence was committed six months before the indictment was found, and no justice of the peace has taken cognizance of the offence.

3. When the indictment is found in the Superior Court within less than six months after the offence is committee, and verdict is rendered for a simple assault, the Court will proceed to judgment ; but to give jurisdiction *in such cases*, the indictment must charge the offence to have been committed with a deadly weapon, and must also set forth the character of the weapon, or must charge that serious damage was done, and set forth the nature and extent of the injury sustained.

4. If these averments are not made, and defendant pleads not guilty, and the jury find that the offence was committed less than six months before the indictment was found, the indictment should be quashed ; but if this fact is not so found, the Court would have jurisdiction of the simple assault and could pronounce judgment.

(*State* v. *Ray*, 89 N. C., 587 *State* v. *Reaves*, 85 N. C., 553 ; *State* v. *Moore*, 82 N. C., 659 ; *State* v. *Russell*, 91 N. C., 624, cited and approved).

INDICTMENT for an assault and battery, tried before *Gilmer, Judge,* at Spring Term, 1885, of MACON Superior Court.

The indictment was as follows, to-wit :

"The jurors for the State, upon their oath present, that E. K. Cunningham, in Macon county, on the 22d day of September, 1884, in and upon one J. M. Davis, then and there with a certain deadly weapon, to-wit: a ——, unlawfully and wilfully did make an assault, and him, the said J. M. Davis, there and then, unlawfully and wilfully, did beat, wound and seriously injure, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The jury returned the following verdict :

"The jury empaneled in this case, find that in the month of September, 1884, the defendant, by reason of insulting words

used to him by the prosecutor, struck him with his fist; that at the Superior Court held afterwards, in the same month, September, 1884, this indictment was found. Upon this state of facts, if the Court is of opinion that the defendant is guilty, the jury find him guilty; but if the Court is of the opinion that the defendant is not guilty, the jury find the defendant not guilty."

Upon this finding of the jury, the Court held that the defendant was not guilty, and the Solicitor for the State appealed from this ruling to the Supreme Court.

*Attorney General* for the State.
No counsel for the defendant.

ASHE, J., (after stating the facts). There is manifest error in the judgment of the Superior Court. First, for the reason that there was no plea filed by the defendant, and therefore no issue to be submitted to the jury, and consequently the verdict returned by them was a nullity; and it must follow as a necessary consequence, that no judgment could be pronounced upon such a verdict; and, secondly, because the Superior Court had no jurisdiction of the case, unless the assault was committed more than six months prior to the finding of the bill of indictment, and no Justice of the Peace had, in the meantime, taken cognizance of the case. By §892 of The Code, exclusive original jurisdiction is given to the Justices of the Peace, of "all assaults, assaults and batteries, and affrays, where no deadly weapon is used, and no serious damage is done," but it is further provided, "that nothing in this section shall be construed to prevent the Superior Court from assuming jurisdiction of all offences, whereof exclusive original jurisdiction is given to Justices of the Peace, if some Justice of the Peace, within six months after the commission of the offence, shall not have proceeded to take official cognizance of the same." This section should be considered in connection with §922, which defines the jurisdiction of the Superior Court in criminal matters. The construction given to these sections is, that where an

indictment in the Superior Court, charges an assault with a deadly weapon, and a verdict is rendered for a simple assault, the Court will proceed to judgment, although six months have not elapsed since the commission of the offence. *State* v. *Ray,* 89 N. C., 587; *State* v. *Reaves,* 85 N. C., 553. But to give jurisdiction in such a case to the Superior Court, the indictment should contain the proper averments, not merely that the assault was committed with a deadly weapon, or that serious damage was done, but it must set forth the character of the weapon used, or the nature and extent of the injury sustained. *State* v. *Moore,* 82 N. C., 659; *State* v. *Russell,* 91 N. C., 624.

The indictment in the case before us, is radically defective, in the absence of these essential averments. It charges that an assault was committed with a deadly weapon, and that serious damage was done, but it fails to state the *character of the weapon* used, or the *nature and extent* of the injury alleged to have been inflicted, and by reason of the omission of these averments in the indictment, which were necessary to give the Superior Court jurisdiction, we are of the opinion that it was error in that Court to render a judgment in the case, without submitting to the jury an issue raised by the plea of the defendant, so that the defendant might show, as matter of defence, that the offence was committed within six months before the indictment was found.

The Court should have required the defendant to plead "guilty" or "not guilty." In the former case, the Court might have rendered judgment at once, and in the latter, the issue raised by the plea should have been submitted to the jury, when the defendant might show that the offence was committed within six months before the finding of the bill; and if the fact had been so found, the indictment should have been quashed; but if the fact should not have been so found, then the Court would have had jurisdiction of the simple assault, and might proceed to judgment.

We are of the opinion there was error, and the judgment of the Superior Court is reversed, and the case remanded, that it

may be proceeded with according to the regular and orderly practice of the Court.

Error.						Reversed and remanded.