After the evidence for the State had closed, the defendant offered to submit to a verdict for a simple assault, which was agreed to by the State. Thereupon, the verdict was so entered, and the Court sentenced the defendant to imprisonment in the county jail for twelve months, and that he hired out by the county commissioners.
From this judgment the defendant appealed.
The charge in the indictment, is that of assault with the intent to commit rape. The defendant, however, was only convicted of a simple assault. No deadly weapon was used, nor was any serious damage done to the prosecutrix. So that the offence committed, was one within the jurisdiction of a justice of the peace, and the offender might have been prosecuted in that jurisdiction.
As, however, the indictment charged an offence in its nature embracing an assault, within the jurisdiction of the Criminal Court, that Court obtained jurisdiction, and although the conviction was for the less offence, the Court being one having general jurisdiction of criminal offences, retained jurisdiction over the less offence, and had authority to proceed to judgment in that respect. The verdict of guilty of the less offence, did not have the effect to oust jurisdiction of the Court. Statev. Reaves, 85 N.C. 553; State v. Ray, 89 N.C. 581; State v. Speller,97 N.C. 526. The Court therefore had jurisdiction.
But we think there is error in the judgment, because, as the jury in effect found that there was no intent to commit rape, the offence was not aggravated by the existence of such fact, and because it appeared that no deadly weapon was used, and no serious damage was done, and further, that the defendant was a boy under fourteen years *Page 721 
of age. The statute, (The Code, Sec. 987,) expressly provides that in such cases the punishment should not exceed a fine of fifty dollars, or imprisonment for thirty days. It should be observed, that the defendant was only convicted of a simple assault, unattended by the distinguishing cause of aggravation mentioned. The statute just cited, is general, and applies in such cases, in all jurisdictions. This case is different in respect to the manner of punishment, from that of State v. Watts, 85 N.C. 517.
The judgment is, that the defendant shall be imprisoned for twelve months, "and that he be hired out by the county commissioners." This order seems to have been made inadvertently. It is not the province of the Court, to direct that the defendant be "hired out," but toauthorize the commissioners to do so, under rules and regulations to be prescribed by them. The Code, Sec. 3484. State v. Norwood, (865)93 N.C. 578.
There is therefore error. The defendant is not entitled to a new trial, but to have such judgment as the law allows, entered against him. To that end let this opinion be certified to the Criminal Court, according to law. It is so ordered.
Modified.
Cited: S. v. Sneed, 94 N.C. 809; S. v. Pearson, 100 N.C. 415; S. v.Albertson, 113 N.C. 634; S. v. Stafford; 113 N.C. 637; S. v. Taylor,124 N.C. 803; S. v. Hight, 124 N.C. 846; S. v. Battle, 130 N.C. 656; S. v.Young, 138 N.C. 572; S. v. Williams, 185 N.C. 689; S. v. Palmer,212 N.C. 13.