STATE v. CHARLES JOHNSON.

*Jurisdiction—Punishment.*

1. A simple assault, in which no deadly weapon is used, and no serious bodily harm done to the prosecutor, is within the jurisdiction of a justice of the peace.

2. Where an indictment charges an offence of which the Superior Court has jurisdiction, but the conviction is for a less offence, the Superior Court, having once obtained jurisdiction, can proceed to judgment for such less offence.

3. In convictions for simple assaults, where there is no intent to commit rape, and no deadly weapon used, and no serious bodily harm done, the punishment is limited to a fine of $50, or imprisonment for thirty days.

4. The Court has no power by its judgment, to direct that the defendant shall be hired out by the county authorities, but it can only authorize this to be done, under such rules and regulations as may be prescribed by the commissioners.

5. So, where a defendant was indicted for an assault with an intent to commit rape, and agreed to a verdict for simple assault; *It was held,* that the Superior Court had jurisdiction to pass sentence, but that it could not imprison for twelve months, and order the county commissioners to hire the prisoner out.

6. In such case, the prisoner is not entitled to a new trial, but only that the case be remanded, in order that a proper judgment may be passed.

(*State* v. *Reaves,* 85 N. C., 553 ; *State* v. *Ray,* 89 N C., 581 ; *State* v. *Speller,* 91 N. C., 526 ; *State* v. *Watts,* 85 N. C., 517 ; *State* v. *Norwood,* 93 N. C., 578, cited and approved).

INDICTMENT for an assault with intent to commit rape, tried before *Meares, Judge,* and a jury, at December Term, 1885, of the Criminal Court of MECKLENBURG county.

After the evidence for the State had closed, the defendant offered to submit to a verdict for a simple assault, which was agreed to by the State. Thereupon, the verdict was so entered, and the Court sentenced the defendant to imprisonment in the county jail for twelve months, and that he hired out by the county commissioners.

From this judgment the defendant appealed.

*Attorney General,* for the State.
*Mr. W. P. Bynum,* for the defendant.

Merrimon, J.  The charge in the indictment, is that of assault with the intent to commit rape.  The defendant, however, was only convicted of a simple assault.  No deadly weapon was used, nor was any serious damage done to the prosecutrix. So that the offence committed, was one within the jurisdiction of a justice of the peace, and the offender might have been prosecuted in that jurisdiction.

As, however, the indictment charged an offence in its nature embracing an assault, within the jurisdiction of the Criminal Court, that Court obtained jurisdiction, and although the conviction was for the less offence, the Court being one having general jurisdiction of criminal offences, retained jurisdiction over the less offence, and had authority to proceed to judgment in that respect.  The verdict of guilty of the less offence, did not have the effect to oust the jurisdiction of the Court.  *State* v. *Reaves*, 85 N. C., 553; *State* v. *Ray*, 89 N. C., 581; *State* v. *Speller*, 91 N. C., 526.  The Court therefore had jurisdiction.

But we think there is error in the judgment, because, as the jury in effect found that there was no intent to commit rape, the offence was not aggravated by the existence of such fact, and because it appeared that no deadly weapon was used, and no serious damage was done, and further, that the defendant was a boy under fourteen years of age.  The statute, (The Code, §987,) expressly provides that in such cases the punishment should not exceed a fine of fifty dollars, or imprisonment for thirty days. It should be observed, that the defendant was only convicted of a simple assault, unattended by the distinguishing cause of aggravation mentioned.  The statute just cited, is general, and applies in such cases, in all jurisdictions.  This case is different in respect to the manner of punishment, from that of *State* v. *Watts*, 85 N. C., 517.

The judgment is, that the defendant shall be imprisoned for twelve months, "and that he be hired out by the county commissioners."  This order seems to have been made inadvertently.

It is not the province of the Court, to *direct* that the defendant be "hired out," but to *authorize* the commissioners to do so, under rules and regulations to be prescribed by them. The Code §3484. *State* v. *Norwood,* 93 N. C., 578.

There is therefore error. The defendant is not entitled to a new trial, but to have such judgment as the law allows, entered against him. To that end let this opinion be certified to the Criminal Court, according to law. It is so ordered.

Modified.