THE STATE v. LARKIN EARNEST.

*Jurisdiction—Assault—" Serious Damage"—Indictment—Motion to Quash—Motion in Arrest.*

1. To confer jurisdiction upon the Superior Court of an assault and battery, upon the ground that " serious damage" was done, it is essential that the indictment should set forth the nature and extent of the damage. Simply charging that the person assaulted was " seriously injured," or sustained " serious damage," is not sufficient.

2. Upon the trial of an indictment for simple assault the Superior Court *prima facie* has jurisdiction, but it is open to the defendant to show that the offence was committed within six months of the finding of the bill.

3. If an indictment charges properly an assault with serious damage, or with a deadly weapon, but the proof shows only a simple assault, the Superior Court, nevertheless, has jurisdiction to proceed to judgment.

4. Exception to the jurisdiction of the Superior Court, for that no serious damage was done, or no deadly weapon was used, and six months had not elapsed, should be made, not by a motion to quash, or in arrest of judgment, but by a prayer for instructions to the jury to acquit.

(*State* v. *Russell*, 91 N. C., 624; *State* v. *Moore*, 82 N. C., 659; *State* v. *Cunningham*, 94 N. C., 824; *State* v. *Berry*, 83 N. C., 603; *State* v. *Reaves*, 85 N. C., 553, and *State* v. *Ray*, 89 N. C., 587, cited).

CRIMINAL ACTION, tried before *MacRae, Judge,* at Spring Term, 1887, of CALDWELL Superior Court.

The indictment charges that the defendant "did assault, beat, and *seriously injure* one Mary E. Livingston," &c.

The defendant moved to quash the same, upon the ground that it failed to charge "wherein the serious injury consisted." The Court denied the motion, and the defendant pleaded not guilty.

On the trial, the evidence went to prove that the offence charged was committed within six months next before the beginning of the action, and an "indecent assault upon the person of the prosecutrix."

The jury rendered a verdict of guilty; thereupon the defendant moved in arrest of judgment, assigning, as ground for the motion, that assigned for the motion to quash the indictment.

This motion was overruled. There was judgment against the defendant, from which he appealed.

*The Attorney General,* for the State.
*Mr. G. N. Folk,* for the defendant.

MERRIMON, J. The indictment is not sufficient to charge an offence, within the exceptional provision, in respect to assaults and other offences where "serious damage is done," of the statute (*The Code,* §892,) prescribing the exclusive original criminal jurisdiction of justices of the peace. It should, in apt words, describe the "serious damages" done, their character and extent, so that the Court can see from the face of the indictment the particular descriptive facts charged, that the offence contemplated by the statute is charged.

To simply charge that the prosecutor was "seriously injured" or sustained "serious damages," is too general and indefinite. The Court, not the pleader, must determine that

the facts must constitute the offence, and these must be charged, so that the Court can proceed to judgment, in case the defendant is found guilty, upon what appears in the record, and so that the defendant may know what particular charge he must answer, and have adequate protection in case of a subsequent prosecution for the same offence. *State* v. *Russell*, 91 N. C., 624; *State* v. *Moore*, 82 N. C., 659; *State* v. *Cunningham*, 94 N. C., 824.

The Court, however, properly refused to quash the indictment, because it sufficiently charged a simple assault and battery, of which *prima facie* it had jurisdiction. It had, unless the defendant should prove in the trial that the offence was committed within six months next before the prosecution began, (*The Code*, §§892, 922,) in which case the Court ought to have instructed the jury to render a verdict of not guilty ; in that case, the Court of a justice of the peace would have had, until the end of that time, exclusive original jurisdiction of the offence. It was competent for the defendant, on the trial, to prove that the offence was committed within six months, as indicated above, and thus show that the Court had not jurisdiction.

The effect of a verdict of not guilty in such case would be, not guilty as charged in the indictment, and within the jurisdiction of the Superior Court; and if afterwards the defendant should be prosecuted before a justice of the peace, or, after the lapse of six months next before the offence was committed, in the Superior or other proper Court, and he should plead the plea of *autre fois acquit*, the State might show on the trial that the Court in which the verdict of acquittal was rendered had not jurisdiction, and thus defeat the plea. It is competent on the plea of not guilty to show, by proper evidence, that the Court has not jurisdiction. *State* v. *Moore*, *supra;* *State* v. *Berry*, 83 N. C., 603; Arch. Cr. Law, 438.

If the indictment in this case had properly charged that

"serious damage" was done to the prosecutrix, and it had turned out on the trial that the evidence failed to prove such damage, there might have been a verdict of guilty of the simple assault and battery, and the Court would have proceeded to give judgment, as was decided in *State* v. *Reeves*, 85 N. C., 553; *State* v. *Ray*, 89 N. C., 587; *State* v. *Cunningham, supra,* and for the reasons stated sufficiently in these cases.

It may be that, for the like reasons, the Court might have given judgment in this case, if the indictment had charged a simple assault and battery to have been committed more than six months next before the prosecution begun. Indeed, regularly and properly, when the time has so lapsed, the indictment should so charge the offence.

The Court properly refused to sustain the motion in arrest of judgment, because no cause for it appeared in the record. If the jury, under proper instructions from the Court, had found specially the fact that the offence charged was committed within six months next before the indictment, and this finding had been spread upon the record, then the motion in arrest might—ought to—have been sustained, because in that case it would have appeared by the record that the Court had not jurisdiction, and the action would have been dismissed. *State* v. *Berry, supra ;* Arch. Cr. Pl., *supra.*

As the evidence produced in the trial tended to prove that the offence charged was committed within six months next before this action began, the Court ought to have instructed the jury that, if they found the fact so to be, they ought to render a verdict of not guilty. In that it failed to do so there is error.

The judgment must be reversed and a new trial granted.

Error.