### THE STATE v. A. R. PORTER.

*Assault and Battery— Deadly Weapon—Serious Injury—Jurisdiction.*

Where the indictment charged an assault and battery "with a deadly weapon, to-wit: a certain stick, to the great damage of the said," &c., but did not set forth the dimensions of the stick, nor the extent and character of the damage, and it appeared upon the trial that the offence was committed less *than six months before the finding of the bill: *Held*, that the Superior Court did not have jurisdiction.

This is a CRIMINAL ACTION, tried before *Clark, J.,* at Spring Term, 1888, of WILKES Superior Court.

The defendant is charged, by the finding of the Grand Jury at Spring Term, 1888, of the Superior Court of Wilkes, in an indictment of the following form:

"The jurors for the State, upon their oath, present: That A. R. Porter, in Wilkes County, on the first day of December, 1887, did unlawfully and wilfully assault, beat and wound one Candace Porter with a deadly weapon, to-wit: a certain stick, to the great damage of the said Candace Porter, contrary to the statute in such cases made and provided, and against the peace and dignity of the State."

Upon his arraignment and entering his plea of not guilty, he was put on trial before the jury and convicted. Thereupon, his counsel submitted motions for a new trial and in arrest of judgment, both of which were denied, and judgment being rendered on the verdict, he appealed.

The time when the assault was made was proved to be in December preceding, and less than six months before the finding of the indictment.

*The Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J. (after stating the case.) The indictment, as will be seen, is in the ordinary form, and in no way indicates the existence of the marital relation which existed between the parties to the assault. Its form must, therefore, be considered as if they were indifferent persons.

It has been repeatedly decided that to give the Superior Court jurisdiction, under the statute distributing the judicial power over smaller offences between the Superior and the Justices' Courts (*The Code,* § 893), it is not necessary to the former's taking cognizance of such as the Justices fail to assume jurisdiction over for the period of six months, to aver the fact of this omission in the indictment itself, and that this is a matter of defence upon the trial. *State* v. *Moore,* 82 N. C., 659; *State* v. *Taylor,* 83 N. C., 601.

Nor is it material that the offence is alleged to have been committed on a day more than six months before the finding of the indictment, in the indictment itself, as the date is not traversable and is not fixed by the verdict.

If, however, as was said by the Court in a recent case, " as the evidence produced at the trial tended to prove " (in the present case did prove) " that the offence charged was committed within six months next before this action began, the Court ought to have instructed the jury if they found the

fact so to be they ought to render a verdict of not guilty.
In that it failed to do so there is error." *State* v. *Earnest*, 98-
N. C., 740 ; *State* v. *Berry*, 83 N. C., 603.   This defect of juris-
diction becoming apparent, the Court could not, of course,
proceed, and the prosecution must terminate.

This brings us to the inquiry whether the offence is so·
charged as to vest immediate and original jurisdiction in the
Superior Court.   It has been repeatedly decided that while
the Superior Court may take cognizance of an assault when
charged in the indictment with those accompanying aver-
ments of its aggravated nature, as made with intent to kill,
or to commit rape, or with a deadly weapon, or when fol-
lowed with serious damage, and may proceed to punish when
a simple assault is proved only (*State* v. *Ray*, 89 N. C., 587) ;·
nevertheless, such averments must be made to the end that
the Court may see the criminal act to be such as is commit-
ted to its jurisdiction.   *State* v. *Moore, supra ; State* v. *Russell*,
91 N. C., 624;  *State* v. *Cunningham*, 94 N. C., 824 ;  *State* v.
*Earnest, supra.*

In *State* v. *Cunningham, supra,* the late Justice ASHE thus·
plainly lays down the principle, applying it to the case then
before Court:  "It" (indictment)  "charges that an assault
was committed with a deadly weapon, and that serious dam—
age was done, but it fails to state the *character of the weapon*
used or the *nature and extent* of the injury alleged to have
been inflicted, and by reason of the omission of these aver-
ments in the indictment, which were necessary to give the·
Superior Court jurisdiction, we are of the opinion that it was·
error in that Court to render a judgment in the case with-
out," &c., having reference to the expiration of the six
months.

Such is the uniform ruling of the Court on the sufficiency
of the form of the charge to confer original jurisdiction upon
the Superior Court.   *State* v. *Shelly*, 9 · N. C., 673 ; *State* v.
*Earnest*, Ibid., 740 ;  *State* v. *Russell, supra.*

That the Court must be able, from an inspection of the .charge, in the terms in which it is made in the indictment, to see that its jurisdiction attaches, that the weapon with which the assault was made was a deadly instrument, not merely by calling it "*deadly*," unless by so describing it by name, or with such attending circumstances as show its .character as such, and when so described the jurisdiction becomes apparent and will be exercised.

The present indictment manifestly falls short of this requirement, for while called a deadly weapon it is designated simply as a stick, with no description of its size, weight or other qualities or properties from which it can be seen to be a deadly or dangerous implement, calculated in its use to put in peril life or inflict great physical injury upon the .assailed.

As the indictment does not, in form, confer jurisdiction upon the Superior Court of cases withdrawn from that of a .Justice, but charges an offence of which the former could .assume jurisdiction only after six months, there is error, that want of jurisdiction appearing at the trial, in the failure .of the Court to direct an acquittal and in proceeding in .the cause, for which the judgment must be reversed and a .new trial awarded, and it is so adjudged.

Error.