### THE STATE v. HARVEY COOPER.

*Criminal Proceedings—Jurisdiction.*

The fact that a grand jury made a presentment of one of those offences of which a Justice of the Peace has original exclusive jurisdiction—if exercised within six months after its commission—before the period when the concurrent jurisdiction of the Superior Courts arose, will not defeat the jurisdiction acquired by the latter on an indictment preferred after the expiration of the six months.

This was an Indictment for disturbing a school (under § 2592 of *The Code*), tried under *Merrimon, J.,* at the Spring Term, 1889, of the Superior Court of GRAHAM County.

The offence was committed on the 27th of December, 1887, and a presentment of it was made by the grand jury at a term of the Court begun June 4th, 1888, within six months afterwards, The indictment was found at a term begun on the 27th of October, 1888. There was no evidence that any Justice of the Peace had taken cognizance of the case before it was tried at said Spring Term, 1889. On the trial there was evidence of such disorderly conduct on the part of the defendant as amounted to a disturbance of the school.

But after the testimony was offered, the defendant moved to dismiss, on the ground that the punishment prescribed by said section of *The Code*, was a fine not exceeding fifty dollars, or imprisonment for not more than thirty days, and the presentment having been made within six months after the offence was committed, it was then exclusively within the jurisdiction of a Justice of the Peace, and, as the Superior Court had no jurisdiction to try then, it had not since acquired the right.

*The Attorney General*, for the State.
No counsel for the defendant.

AVERY, J.—after stating the facts: The prosecution of a criminal action is begun when the grand jury presents in Court a paper, charging that a person mentioned therein committed an offence, designated by its technical name, or by a description equivalent to giving such name, and the presentment so made is recorded in the minutes of the Court. If the Clerk neglects to enter it, the Court may subsequently cause a record of the presentment to be made, or of the time when it was brought in by the grand jury. In determining the question, whether a prosecution is barred by the statute of limitations, it is proper to estimate the time that elapsed between the commission of the offence and

the bringing into Court of the presentment. *State* v. *Cox,* 6 Ired., 440; *The Code,* § 1177.

An indictment can, for the purpose of preventing the bar of the prosecution by the lapse of time, be connected, at the option of the Solicitor, by proof with a previous presentment for the same offence; but it does not follow that the defendant can do the same thing in order to oust the jurisdiction of the Court.

When the grand jury unadvisedly made the presentment within six months after the offence was committed, the Court of a Justice of the Peace had an exclusive right to try it, but the concurrent jurisdiction of the Superior Court attached immediately on the expiration of that period and before the indictment was found. *The Code,* §§ 892 and 922, provides that the Superior Court shall have original jurisdiction "of all offences whereof exclusive original jurisdiction is given to Justices of the Peace, if some Justices of the Peace shall not within six months after the commission of the offence proceed to take official cognizance thereof." No Justice of the Peace had taken cognizance of this case, so far as the testimony shows, up to the time of trial, and the bar of former acquittal or conviction was not pleaded or relied on.

But it is contended that the inadvertent act of the grand jury in making the presentment in June, 1888, could be used by the defendant to defeat the jurisdiction of the Superior Court on the trial of any indictment found within two years, and would forever prevent the punishment of the defendant unless a prosecution should be instituted in a Justice's Court. The presentment in the Superior Court, if made within six months, of an offence for that time exclusively cognizable in a Justice's Court, is, like an indictment for the same,. utterly void for all purposes whatever. It cannot, therefore, in any way, affect the validity of a prosecution, subsequently instituted in accordance with law.

Affirmed.