### THE STATE v. WILL. FESPERMAN.

*Assault and Battery—Jurisdiction—Deadly Weapon—Statute—
Punishment.*

1. Where the indictment charges an assault with a deadly weapon, but
   the proof shows a simple assault, committed within less than six
   (now twelve) months since the finding of the bill, the jurisdiction
   of the Superior Court is not ousted.

2. Chapter 152, Laws 1891, does not take away the jurisdiction of the
   Superior Courts of assaults with deadly weapons when no serious
   injury has been inflicted.

3. The Constitution makes the measure of punishment which a Justice
   of the Peace may impose the test of his exclusive jurisdiction in
   criminal actions, therefore an act which simply declares that
   Justices of the Peace shall have exclusive jurisdiction of certain
   offences, without fixing the punishment within the constitutional
   limit, is inoperative, especially where there is an unrepealed stat-
   ute leaving the punishment to the discretion of the Court.

APPEAL from STANLY Superior Court, Fall Term, 1890,
*Bynum, J.,* presiding.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J.: The indictment charges an assault " with a
certain deadly weapon, to-wit, a shovel of the weight of five
pounds." The special verdict finds that, in fact, the assault
was made by the defendant with his fist and within six
months before the true bill was found. It has been repeatedly
held that when the indictment in the Superior Court charges
an assault with a deadly weapon, the Court retains jurisdic-
tion although in the proof simple assault only shall be
shown. *State* v. *Ray,* 89 N. C., 587; *State* v. *Reaves,* 85 N. C.,
553; *State* v. *Cunningham,* 94 N. C., 824; *State* v. *Earnest,* 98
N. C., 740. The cases in which the jurisdiction of the Supe-

rior Court is ousted by showing that the assault was within six months (now twelve months by virtue of ch. 504, acts 1889) before indictment found, are limited to those in which the charge in itself is of a simple assault. *State* v. *Porter*, 101 N. C., 713, and cases there cited. The Court below was, therefore, plainly in error in holding as the law stood at the time of the trial (1890) that the Superior Court did not have jurisdiction.

It is insisted, however, that by virtue of chapter 152, Acts 1891, a magistrate has no jurisdiction of an assault with a deadly weapon if no serious damage was done. There is in the act no exception as to pending actions, and the present case differs in that respect from *State* v. *Watts*, 85 N. C., 517. But if it is conceded that the act applies to pending cases, we are of opinion that it does not confer jurisdiction of assaults with a deadly weapon upon magistrates in any case.

The Constitution restricts the jurisdiction of Magistrates in criminal matters to cases "where the punishment cannot exceed a fine of $50 or imprisonment for thirty days." It is not competent, therefore, for the Legislature to confer jurisdiction upon Magistrates of any offences of which the punishment affixed by law may exceed that limit. *The Code*, § 987, which was not amended, still prescribes that assaults with a deadly weapon may be punished by fine and imprisonment, in the discretion of the Court. It is true that chapter 152, Acts 1891, amending *The Code*, § 892, purports to give Magistrates exclusive original jurisdiction of all assaults in which no serious damage is done, and of all criminal matters arising in their counties "where the punishment prescribed by law shall not exceed a fine of fifty dollars or imprisonment for thirty days." We might *surmise* that the intention was to confer jurisdiction upon Magistrates in cases where, though a deadly weapon was used, no serious damage was inflicted. But the punishment for assaults with a deadly weapon in all cases, whether serious

damage is or is not inflicted, being left unchanged—"fine and imprisonment in the discretion of the Court" (*The Code*, § 987), whatever may or may not have been the legislative intent in amending *The Code*, § 892, the amendatory act could not confer upon the Justice's Court jurisdiction of an offence, the punishment affixed to which may exceed the constitutional limit of such Court. The Constitution makes the punishment which the Court has authority to impose the test of a Magistrate's jurisdiction. It was competent for the Legislature to reduce the punishment of this offence within the jurisdiction of a Justice, and the Justice would thereupon, *ipso facto*, acquire jurisdiction even without further provision, but an act in terms prescribing that a Justice of the Peace shall have jurisdiction of an offence, without reducing the punishment within the constitutional limitation upon that offence, is of no effect. This has been often decided. *State* v. *Perry*, 71 N. C., 522; *State* v. *Cherry*, 72 N. C., 123; *State* v. *Heidelburg*, 70 N. C., 496; *State* v. *Vermington*, 71 N. C., 264. The judgment is reversed, and the case remanded that the Court below may pass sentence upon the special verdict in accordance with this opinion.

Reversed.