THE STATE v. J. N. KERBY.

*Indictment—Abandonment—Parent and Child—Jurisdiction.*

1. The failure by the father to provide for the support of the children is as much a violation of the statute (*The Code*, § 972) as the failure to provide support for the wife, and an indictment charging such violation following the words of the statute is sufficient.

2. It is not necessary that an indictment charging an offence of which a Justice of the Peace has exclusive original jurisdiction, should allege that the offence was committed more than twelve months before the finding of the bill. The fact may be shown as a matter of defence on the trial, or upon a motion to quash.

This was an INDICTMENT for failure to provide an adequate support for children, tried at Spring Term, 1892, of the Superior Court of ALEXANDER County, before *Bynum, J.*

The indictment is as follows:

"The jurors for the State, upon their oaths present, that J. Nelson Kerby, late of Alexander County, on the 1st day of January, 1890, with force and arms, at and in said county, while living with his wife, one Mary Kerby, unlawfully and wilfully did neglect to provide an adequate support for the children, which he had begotten upon her, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The defendant moved to quash, and the motion was allowed, and the Solicitor for the State appealed.

*The Attorney General,* for the State.
No counsel for defendant.

AVERY, J.: The indictment follows the words of the statute (*The Code*, § 972), which provides that where the husband, while living with his wife, shall wilfully fail to provide ade-

quate support for such wife, *or the children* which he has begotten upon her, he shall be guilty of a misdemeanor. It is unquestionably as much a distinct criminal offence to fail to make sufficient provision for the children as for the wife, and the Solicitor might charge the omission to discharge either, or both of the duties, the disregard of which the law is intended to punish.

It was not necessary to aver in the indictment that no Justice of the Peace had taken cognizance of the offence charged for twelve months after it was committed, because the fact, if true, that the bill had been sent before the jurisdiction of the higher Court attached, was matter of defence, to be shown on the trial; *non constat* upon the motion to quash, on the face of the indictment, but what it may be shown that the offence was committed twelve months before the indictment was found. *State* v. *Porter,* 101 N. C., 713; *State* v. *Moore,* 82 N. C., 659; *State* v. *Taylor,* 83 N. C, 601; *State* v. *Earnest,* 98 N. C., 740; *State* v. *Cunningham,* 94 N. C., 824; *State* v. *Shelley,* 98 N. C., 673.

We can conceive of no grounds for sustaining defendant's motion, except those stated. The judgment quashing the indictment is reversed. Let this opinion be certified, to the the end that a new trial may be had in the Court below.

Error.