## STATE v. PHILLIP CARPENTER.

*Jurisdiction—Case on Appeal—Indictment.*

1. When there is no case on appeal, and no error on the face of the record in a criminal proceeding, the judgment will be affirmed.

2. Where a Justice of the Peace has original jurisdiction, the burden is on the defendant, upon appeal from his judgment, to show that the indictment was found in less than twelve months after the offence was committed: certainly there can be no cause of complaint on this ground, when it appears from the record that there was a period of twelve months between the presentment and indictment.

This was an INDICTMENT for carrying a concealed weapon, tried at the Special (May) Term, 1892, of LINCOLN Superior Court, before *Bynum, J.*

*The Attorney General,* for the State.
No counsel for defendant.

CLARK, J : This was an indictment for carrying concealed weapons.

There is no case on appeal, and we find no error on the face of the record proper. The judgment therefore must be affirmed. *State* v. *Foster,* 110 N. C., 510.

It is true that there appears in the record a motion to quash the indictment, which was overruled and an exception entered. As the indictment is in the usual form, we are at a loss to conjecture on what ground the motion to quash was made, unless upon the ground of want of jurisdiction. But it has been often held that the Superior Court being a Court of general jurisdiction, the burden is on the defendant, in cases like this of which a Justice of the Peace has original juris-diction, to show that the indictment was found within less than twelve months after the offence was committed. *State* v.

*Kerby*, 110 N. C., 558. Besides, it appears in the record that there was an interval of twelve months after the presentment before indictment found. The twelve months is counted prior to the indictment found, not prior to the presentment. *State* v. *Cooper*, 104 N. C., 890. Hence, in fact, it affirmatively appears in the record here that the Superior Court had acquired jurisdiction.                                Affirmed.