STATE v. BATTLE.

(Filed April 15, 1902.)

1. PUNISHMENT—*Assaults and Batteries—Affrays.*

   Where no deadly weapon is used and no serious damage done, the punishment in assaults, batteries and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days.

2. INDICTMENTS—*Assaults—Batteries—Affrays.*

   In indictments for assaults, batteries and affrays, where serious damage has been done, it is necessary to describe the serious damage done, its character and extent.

INDICTMENT against Ed. S. Battle and A. M. Powell, heard by Judge *W. S. O'B. Robinson* and a jury, at September Term, 1901, of the Superior Court of WAKE County. From a verdict of guilty of both defendants and judgment thereon, the defendant Battle appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*S. F. Mordecai, J. B. Batchelor, D. L. Russell,* and *W. N. Jones,* for the defendant.

MONTGOMERY, J. There is only one question involved in this appeal, and that presents no difficulty in its decision. If

the bill of indictment be stripped of a half dozen superfluous words, it will readily be seen upon the most casual inspection that the offense charged is that of a simple assault—a mutual fighting between the appellant Battle and the other defendant, Powell—occurring during the September Term, 1901, of Wake Superior Court, and within one mile of the courthouse of that county. The jury returned for their verdict that the defendants were guilty in the manner and form as charged in the bill of indictment, and the Court suspended judgment as to the defendant Powell, and sentenced the defendant Battle to imprisonment and hard labor upon the public roads for sixty days.

Had the Court the authority to impose such a sentence—to impose a sentence for more than thirty days imprisonment or a fine of fifty dollars? That is the only question in this appeal, and the answer is, the Court did not have that power. In cases where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays, shall not exceed a fine of fifty dollars or imprisonment for thirty days. The Code, Sec. 987; *State v. Nash,* 109 N. C., 824; *State v. Johnson,* 94 N. C., 863; *State v. Albertson,* 113 N. C., 633. The Superior Court, in a case like this one, could not impose a sentence beyond the limit for a simple assault or affray where no deadly weapon had been used and no serious damage done when tried before a Justice of the Peace. *State v. Albertson, supra.* The Superior Courts and Courts of Justices of the Peace have concurrent jurisdiction of such offenses as the one charged in the bill of indictment. Code, Sec. 892; *State v. Bowers,* 94 N. C., 910.

The bill of indictment is as follows: "State of North Carolina, Wake County. In the Superior Court, September Term, 1901. The jurors for the State, upon their oaths, present that Edward S. Battle and A. M. Powell, in Wake County, on the 25th day of September, 1901, did unlawfully and wil-

fully mutually assault and beat each other in a public place, and inflict serious injury upon each other, during the September Term, 1901, of Wake Superior Court, and within one mile of the court-house of said county, and then and there did unlawfully and wilfully fight and make an affray, to the terror of the citizens there assembled and against the peace and dignity of the State."

If that bill was intended to be one for an affray in which serious damage was done, and over which the Superior Court had exclusive original jurisdiction, with the power to punish in excess of a fine of fifty dollars or imprisonment for thirty days, the intention is disappointed. It has been over and over decided by this Court that in indictments for assaults, assaults and batteries, and affrays, where serious damage has been done, it is necessary to describe the "serious damages" done, their character and extent, so that the Court can see from the face of the indictment the particular descriptive facts charged; that the offense contemplated by the statute is charged; and that an averment that a party to an affray, or a prosecutor injured in an assault, *was seriously injured or sustained serious damages,* is too general and indefinite. *State v. Ernest,* 98 N. C., 740; *State v. Moore,* 82 N. C., 659; *State v. Russell,* 91 N. C., 624; *State v. Covington,* 94 N. C., 913, 65 Am. Rep., 650; *State v. Shelley,* 98 N. C., 673; *State v. Porter,* 101 N. C., 713; *State v. Phillips,* 104 N. C., 786; *State v. Stafford,* 113 N. C., 635. In the light of these decisions, the words "inflict serious injury upon each other," used in the bill of indictment, are meaningless, because they are vague and indefinite. The nature and extent of the injury should have been set forth, so that "the Court and not the pleader must determine that the facts must constitute the offense, and these must be charged." *State v. Ernest, supra.*

But even if the bill had sufficiently charged an affray in which serious damage had been done, the evidence embraced

in the case on appeal—the testimony of the witness Bridgers —does not contain one word concerning the nature and extent of the injuries sustained by Powell, or that he was injured in any way, with the exception that he was knocked down by Battle.

We have decided this case upon the matter brought up to us in the appeal, and upon nothing else. If, in the whole affair, public justice has suffered by reason of a failure of fuller investigation, the responsibility is not upon us.

The case is remanded to the Superior Court to the end that judgment may be pronounced on the verdict according to law.

Remanded.