STATE v. JAMES H. MILLER.

*Certiorari.*

1. The statement of facts, found by the Judge and sent up, must be accepted as true.

2. The measure of punishment for an offence is within the discretion of the Judge, within the limits of the law; and it must also be matter of discretion whether he will hear a petition and evidence for change or modification thereof.

Petition for a CERTIORARI, filed by the defendant at the February Term, 1886, of the Supreme Court

The petitioner, charged in the indictment, which consists of five counts, with keeping a gambling house in the city of Raleigh, on his arraignment, entered his plea of guilty to the fourth count, and the solicitor entered a *nolle prosequi* to the others.

Thereupon it was adjudged, that he be imprisoned in the common jail for thirty days, commencing on the 10th day of January, 1886, and pay a fine of two thousand dollars, and stand committed after the expiration of said term of imprisonment, until the fine and costs of the prosecution were paid. From this sentence he appealed to this Court. The present application is for a writ of *certiorari*, to correct certain statements of fact, alleged to be erroneous, contained in the case on appeal, that transpired after the rendition of the judgment, in an effort on the part of his counsel to obtain a modification of the sentence, which was unsuccessful.

The averments in the application for the interference of this Court are summarily these:

The admission of guilt was made on Monday; two witnesses were then examined by the Solicitor, and judgment deferred until Friday, when it was pronounced. On Saturday, the next day, and last day of the Term, the defendant's counsel made known their wish and intention to apply to the Court for a reduction of the fine, and show that it was imposed under a misapprehen-

sion of the defendant's financial condition and resources, and they requested the Court to designate an hour, not earlier than 3 P. M. for its presentation and disposal. Thereupon, that hour was designated for the hearing, before the arrival of which, the Judge left the court, and did not return during the day, though counsel were there present with the petition to be offered.

Counsel then prepared the case on appeal, and under an agreement with the Solicitor, sent it to the Judge. He refused to approve and sign it, and made out one himself, which is on file among the papers in the cause.

All the matters contained in the application are not set out, but so much only, as shows the grounds upon which the agency of this Court is invoked, for the correction of alleged error in the action of the Court below.

*Attorney General*, for the State.
*Messrs. John Gatling* and *E. C. Smith*, for the defendant.

SMITH, C. J. (after stating the facts). The sole grievance made the subject of complaint, is in the imposition of so heavy a fine, and the refusal or omission of the Judge to hear the evidence offered in support of the application for its reduction. As the measure of punishment, within the limits of the law, for the offence, is, and must be, within the discretion of the Judge, as he may estimate its criminality, so must be his hearing or refusing to hear a petition for its change or modification, and testimony in relation thereto. It might obstruct or paralyze the administration of criminal justice, if this Court were to undertake to revise that discretion, or listen to suggestions that it has been unwisely exercised in a particular case. The Judge who tried the cause and heard the testimony, is the best, as he is in law the sole Judge, of the merits, and if he acts within the boundaries prescribed by law, his decision is final and unreviewable in the appellate Court.

We have already said in a similar application, that the statement of facts sent up in the case, must be accepted as absolute verity, when so found by the Judge, and the subject does not require further comment.

The application must be refused and the petition dismissed.

Dismissed.