### THE STATE v. R. P. ROSEMAN.

*Assault and Battery—Deadly Weapon—Serious Injury— Jurisdiction—Punishment.*

An indictment charged that the defendant made an assault upon the prosecutrix with a " deadly weapon, to-wit, a club," etc. On the trial it appeared that the defendant was the keeper of a jail and resided therein with his family; that his wife was seriously ill; that the prosecutrix was imprisoned in the jail and was conducting herself in a loud, boisterous and disorderly manner, and refused to desist when ordered by the defendant; that thereupon he took her to another apartment and gave her a severe whipping with a buggy whip, cutting the flesh on her back and arms. The defendant was convicted and fined one hundred dollars : *Held,* (1) the Superior Court had jurisdiction ; (2) the punishment was within the discretion of the Court below, and would not be reviewed by the Supreme Court.

INDICTMENT, tried at Spring Term, 1891, of ROWAN Superior Court, *Bynum, J.,* presiding.

The indictment charges that the defendant made an assault upon the prosecutrix " with a certain deadly weapon, to-wit, a club of the length of three feet and one inch in diameter," etc. He pleaded not guilty. On the trial it appeared that the prosecutrix was confined in the common jail of Rowan County and the defendant was the keeper of the jail; that on one night she sang and made much disagreeable noise to the discomfort of the defendant's wife, who was lying in a room of the first story of the jail and very ill; that the prosecutrix refused to obey the jailor's command to cease making noise, etc. Whereupon, he carried her down (she was confined on the third floor) to the second floor and whipped her; that witness did not see him whipping her, as he (witness) was on the third floor, but heard the licks and heard the woman hollowing; that he hit her fifteen or

twenty licks, some of the prisoners said twenty-eight; that he then brought her back up stairs; her arms and back were cut and bleeding; that some of the prisoners told him he ought not to have whipped that woman that way, and that defendant said he had whipped her with a buggy whip, etc.

The prosecutrix testified, among other things, that the defendant carried her down to the second floor, got a whip and whipped her, that she did not know how many licks he gave her—that she had on nothing but her chemise—her arms and neck were bare; that he cut the blood out of her arms and back; that it did not disable her; that the places healed up in a week or two; that the defendant did not take the shackles off her when he whipped her, etc. There was evidence tending to show that the prosecutrix was a low, bad woman, etc., that the defendant had directed her to hush and she would not, etc.; that his wife was very ill, etc.

There was a verdict of "guilty" and judgment thereupon that the defendant pay a fine of one hundred dollars, from which he appealed to this Court, assigning as error, first, that the Court had not jurisdiction, and secondly, that the fine was excessive.

*The Attorney General*, for the State.
*Mr. John W. Mauney*, for defendant.

MERRIMON, C. J.: Clearly the Court had jurisdiction. The indictment charges an assault with a deadly weapon, describing it, and that serious injury was done. The evidence certainly tended to prove that the assault was made with a deadly weapon, and that serious damage was done, but if it had turned out that the evidence only proved a simple assault, the Superior Court would, nevertheless, have jurisdiction, might receive a verdict of "guilty," and proceed to judgment, as it did do. This is so, because that Court has general jurisdiction of assaults, assaults and batteries, and

affrays, and, having gained jurisdiction in a particular case, it will continue to hold and exercise the same until it shall be disposed of in the course of procedure. This is settled. *The Code,* § 892; *State* v. *Reaves,* 85 N. C., 553; *State* v. *Ray,* 89 N. C., 587; *State* v. *Huntley,* 91 N. C., 617; *State* v. *Shelly,* 98 N. C., 673; *State* v. *Earnest, id.,* 740; *State* v. *Phillips,* 104 N. C., 786.

And so, also, if a simple assault had been charged, this would have apparently given the Superior Court jurisdiction, and the burden would have been on the defendant to show that twelve months (Acts 1889, ch. 504) had not elapsed since the offence was committed, and next before the Superior Court took jurisdiction. *State* v. *Earnest, supra,* and the cases there cited.

It must be conceded that the prosecutrix behaved badly, and greatly provoked and annoyed the defendant and distressed his sick wife; but she was in prison, and helpless. While the jailer (the defendant) had the right to subdue her outbreak and keep her in subordination by reasonable and proper means, he had not the shadow of right to gratify his feelings of revenge or to inflict upon her such a cruel and terrible beating with a horse-whip. We cannot hesitate to say that the injury inflicted was serious, and that the fine imposed was clearly within the discretion of the Court. *State* v. *Miller,* 94 N. C., 902, 904.

·Affirmed.