STATE v. JOHN NORTON.

*Assault and Battery—Evidence.*

In assault and battery, evidence of the declarations of defendant made two weeks before the assault (threatening the prosecutor) is inadmissible. His guilt or innocence depends upon the facts and circumstances immediately connected with the transaction. (This case distinguished

from those where malice, intent, knowledge or motive constitutes an ingredient of the offence. (*State* v. *Howard, ante,* 623.)

(*State* v. *Huntley,* 3 Ired., 418; *State* v. *Howard, ante,* 623, cited, distinguished and approved.)

INDICTMENT for an Assault, tried at Fall Term, 1879, of MADISON Superior Court, before *Graves, J.*

The defendant was indicted for an assault and battery, and it was charged in the indictment that the assault was made with a deadly weapon and serious damage done to the prosecutor, one Shepherd; but there was no proof that the assault was committed with a pistol or any other deadly weapon, or that any serious injury was done. The state was permitted to prove that two weeks before the assault, the defendant exhibited a pistol and said " it was his friend, and if Shepherd ever crossed his path he would send him to hell," but this was not communicated to Shepherd. This evidence was objected to by defendant, objection overruled, verdict of guilty, judgment, appeal by defendant.

*Attorney General* and *J. M. Gudger,* for the State.
*Mr. J. L. Henry,* for the defendant.

ASHE, J. We are not aware of any principle of evidence upon which the declarations of the defendant, made two weeks before the assault, were admitted. We cannot see how they could explain or elucidate the transaction. They certainly were not admissible on the ground of being part of the *res gestæ.* If the defendant had been indicted for murder, for an assault with intent to kill, for a conspiracy or forgery, or any other offence where the *scienter* or the *quo animo* constitutes a necessary part of the crime charged, such acts and declarations of the prisoner as tend to prove such knowledge or intent, are admissible, notwithstanding they

may in law constitute a distinct crime. *Dunn* v. *State*, 2 Ark., 229; *Ihorp* v. *State*, 15 Ala., 749.

But in our case neither malice nor intent nor knowledge nor motive forms any ingredient of the offence. It is a simple assault and battery, and the guilt or innocence of the defendant depended upon the facts and circumstances immediately connected with the transaction. And we cannot conceive how the previous threats or declarations of the defendant could affect the trial except to prejudice the minds of the jury against him.

The cases of the *State* v. *Huntley*, 3 Ired., 418, and *State* v. *Howard, ante*, 623, are the only authorities cited for the admissibility of the evidence. *Huntley's* case is distinguishable from ours. He was indicted for an affray in going about armed in an unusual manner to the terror of the citizens, and his threats against the lives of different persons were admitted in evidence because they formed a part of the *res gestæ*. And in *Howard's* case the previous conversation of the prisoner was admitted because it affected him with a *knowledge* of the common reputation of a fact, that was material on the trial to show the motive for the commission of the crime.

We are of the opinion the court committed an error in receiving the evidence. A *venire de novo* must be awarded the defendant. Let this be certified to the superior court of Madison county that further proceedings may be had in conformity to this opinion and the law of the state.

Error.                                        *Venire de novo.*