### STATE v. EDWARD BRYSON.

*Magistrate's Warrant, sufficiency and amendment of.*

The affidavit of a complainant in a criminal action before a magistrate, does not constitute an essential part of the warrant issued thereon, but if the warrant charges a criminal offence, it will be sustained. Suggestion of the court upon the power of amendment of such warrant.

(*Welch* v. *Scott,* 5 Ired., 72, cited and approved.)

CRIMINAL ACTION tried on appeal at November Term, 1880, of NEW HANOVER Criminal Court, before *Meares, J.*

This prosecution commenced in the court of a justice of the peace, where the defendant was tried for a misdemeanor in violating the second section of chapter 219 of the laws of 1879, which section is as follows: " Any person or persons who shall secrete or harbor any such seaman who has deserted from any domestic or foreign vessel in the localities above named *knowing* that such seaman or seamen have deserted," &c. When the case was called for trial in the criminal court, it was discovered that both the warrant and the affidavit omitted to charge any offence, that is to say, that the word "knowing" was omitted in both of them. The solicitor moved to amend the warrant by inserting the word "knowing," the justice of the peace being present in court, and the court granted the motion. The counsel for defendant then submitted a motion to quash upon the ground that the word "knowing" was omitted in the affidavit and that no offence was charged in the affidavit; insisting that the prosecution was of course based on the affidavit and even if the court possessed the power to order an amendment of the warrant, still in this case it could not be done because the person who made this affidavit is beyond the seas, and is not within the jurisdiction of the court.

The motion to quash was allowed, the case dismissed, and from this ruling the state solicitor appealed.

*Attorney General,* for the State.
No counsel for defendant.

ASHE, J. The only question presented by the record for our determination, is, whether the warrant is defective because the word *knowing* is omitted in the affidavit upon which it is based.

A magistrate, without information upon oath, may issue a warrant *super visum*. But except in that case, it is his duty before issuing the warrant to require evidence upon oath of the guilt, or at least of circumstances affording a reasonable suspicion of the accused. Before the passage of the act of 1868–'69, although it was necessary that every warrant, except for offences committed in the presence of the magistrate, should be founded upon information on oath, it was not essential to its validity that the evidence upon which it was issued should be set out in it. In England it was usual for magistrates to take written affidavits of the charge separate from any statement of the oath in the warrant, so that they might have at all times in their own power evidence in justification of issuing the warrant; and it was not necessary to recite in the warrant the information upon which it was founded. *Welch* v. *Scott*, 5 Ired., 72. But the law is now changed in this respect. By the act of 1869, Bat. Rev., ch. 33, § § 10, 11, it is provided that when complaint shall be made to a magistrate that a criminal offence has been committed, it shall be his duty to examine on oath the complainant and any witnesses who may be produced by him, and if it shall appear from such examination that any criminal offence has been committed, the magistrate shall issue a proper warrant *reciting* the accusation, &c.

What we understand is meant by "reciting the accusa-

tion," is not a verbatim recital of the words of the affidavit
or the evidence, but a plain brief narrative of the facts dis-
closed by the evidence, showing a violation of the criminal
law. The act does not require that the evidence should be
adduced in the form of a written affidavit, nor that the tes-
timony of the witnesses should be reduced to writing, but
it would be safest for the magistrate in every case, for the
purpose of his own protection, to take and preserve a writ-
ten memorial of the evidence, whether of the prosecutor or
his witnesses. Where a magistrate is taking cognizance of
a criminal action within his jurisdiction, more cer-
tainty is required than in a case where he acts only min-
isterially, in binding the accused to court; for in criminal
actions before magistrate the warrant is to be treated as the
complaint of the prosecutor under oath. In other words, it
is the "indictment," and must set out the facts constituting
the offence with such certainty that the accused may be en-
abled to judge whether they constitute an indictable offence
or not, and that he may be enabled to determine the species
of offence with which he is charged. If the warrant does
this, it is sufficient, notwithstanding there may not be the
same degree of certainty in the affidavit or evidence taken,
as the ground of application for the warrant. The evidence
not being required to be put in writing, the affidavit of the
complainant does not constitute an essential part of the in-
dictment, any more than does the presentment of a grand
jury form a part of the bill of indictment which is predi-
cated upon it. An appellate court in reviewing the judg-
ment of a justice's court in a criminal action, can only look
at the warrant which is the complaint, and if that suffi-
ciently sets out a criminal offence within its jurisdiction, it
must be sustained. It cannot look behind the warrant for
objections lying in the defects or irregularities of the pre-
liminary evidence.

The power of the criminal court to allow an amendment

of the warrant in this case, is not presented for our conside-
ration by the appeal, and we therefore express no opinion
upon that point.    But we take this occasion to suggest, that
as justices of the peace are clothed with a large jurisdiction
in criminal matters, and are almost universally men who
are unlearned in the law, very liberal powers of amendment
should be accorded them in the administration of the crim-
inal laws, that offenders may not escape the just penalties
of their crimes by opposing technical objections.

There is error.    Let this be certified to the criminal court
of New Hanover county, that further proceedings may be
had according to law.

Error.                                               Reversed.