### THE STATE v. CLINGMAN HARRELL.

*Affray—Evidence—Reasonable Apprehension.*

Where one engages in a fight willingly, he is guilty of an affray, and it is immaterial that he fought under a reasonable apprehension that his adversary had formed a purpose to make a violent assault upon him; nor is it any defence that during the encounter he fired a shot at his enemy under the belief that he was in danger of great bodily harm.

(AVERY, J., dissented.)

This was an Indictment for an Affray, tried before *Bynum, J.,* at Spring Term, 1890, of MITCHELL Superior Court.

The evidence tended to prove that William Cox, now deceased, and James Sivige, on one side, and the appellants on the opposite side, engaged in a dangerous fight with guns and pistols. All of the parties except Cox were indicted for an affray, and pleaded "not guilty." The appellants contended that they fought only in defence of themselves, and did no more than they might lawfully do in that respect.

On the trial, there was evidence tending to prove that all the parties fought willingly, the appellants successfully, and wounding both their opponents.

The appellant Clingman Harrell was examined as a witness on his own behalf and that of his co-appellants, who

are his sons.   He was examined at length, and, particularly, he offered to testify that the parties fought at the house of Neely Campbell; that he first saw Cox and Sivige two miles from that place, going in the direction of it; that he apprehended their purpose in going up that way brandishing their pistols.   He further proposed to give what knowledge he had, and the grounds of his apprehension of their purpose; to state that, in the forenoon of same day (the day of the fight), he saw them and others flourishing their pistols; that his brother informed him that they threatened his sons, and were pursuing them to kill them; that, in consequence of this information and what he saw, he hastened to find his sons to prevent a difficulty and save his boys.

The Solicitor for the State objected to the admission of the proposed evidence.   The Court sustained the objection, and the appellants excepted.

The appellants further proposed to ask the witness this question and obtain an affirmative answer to the same: "When you fired a shot, did you believe you and your boys were in danger of great bodily harm or death?"   Objection by Solicitor sustained by the Court, and exception by the appellants.

There was a verdict of "guilty," and judgment thereupon against the defendants, from which they all, except Sivige, appealed to this Court.

The other facts necessary to an understanding of the questions considered are stated in the opinion.

*The Attorney General,* for the State.
*Mr. W. H. Malone,* for the defendants

MERRIMON, C. J.— after stating the facts: The testimony proposed by the appellants and rejected by the Court was irrelevant and immaterial.   They and others were indicted for an affray, for fighting together in a public place, to the

107—60

terror of the good citizens of the State thereabout. The evidence rejected could not prove that they did or did not so fight, nor could it prove that they fought only in their own defence. The apprehensions of the witness, and the grounds of them, did not enter into and make up an element, or give quality thereto, of the offence, nor did these at all relieve him and his sons from guilt, if they fought as charged. Evidence of what was done, or attempted to be done or said, or what was not done or not said by the parties at the time of the fight, just before it begun, during its progress and just at its close—such things as made a part of the *res gestæ*— was pertinent and relevant to prove the offence charged, or the innocence of the parties. As to that offence, no matter what may have been their intent, or the provocation to them, or their fears or apprehensions, if they fought otherwise than on the defensive; such evidence might be pertinent and important in some classes of cases. This is not one of them. *State* v. *Norton*, 82 N. C., 628; *State* v. *Downing*, 74 N. C., 184. Nor could the belief of the witness, in the course of the conflict, that he and his sons were about to be shot or suffer great bodily harm, prove that he and they fought only in their own defence. However fiercely and aggressively he might have joined in the fight, he might have had such belief, but this would not prove that he was on the defensive. The surrounding facts and circumstances—not his simple belief—constituted evidence to show that he fired his gun,.not as an active aggressive participant in the fight, but only on the defensive.

A witness for the State testified—the appellant objecting— that the fight terminated when Cox and Sivige were wounded and fled; that two of the appellants were going pretty fast in the direction of them when he stopped them; that one of them had his gun, and they cried out after the wounded men "to stop and shoot it out like men." This evidence was competent, certainly as to the appellants who pursued

the wounded men, because it tended to show their willingness to fight and to prolong the conflict, though their adversaries were disabled.

The appellants requested the Court to instruct the jury specially that a man has a right to defend himself when attacked—to repel force by force; that, when attacked with felonious intent, he is not bound to fly, but may stand and fight, and kill his assailant if necessary, &c.; that a man may take his adversary's life whether the danger is real or not, if the danger is apparently so imminent as that a prudent man might suppose himself in such peril as to deem it necessary to kill, &c. The Court declined to give in terms the instructions asked for, but we are of opinion that it gave the substance of so much thereof as the appellants were entitled to have. This is not a case in which it became necessary or proper to enter into an explanation of the law in respect to assaults with felonious intent, and point out when a party shall retreat, or when he may stand and fight, and kill his assailant, &c. The offence charged is a simple affray, which, as the evidence showed, was a serious one.

The Court gave the jury full, fair and intelligent instructions. As to the appellants and a party who was acquitted, it told them, among other things, that "the mere presence of a man at a difficulty is not sufficient evidence of aiding and encouraging, but, being present, they must do or say something tending to aid or encourage the parties fighting." It told the jury repeatedly and plainly that the appellants had the right to fight in their own defence, and, being father and sons, they had the right to fight in defence of each other; it directed the attention of the jury to the evidence, its purposes and application, and told them that some of the parties might be guilty and others not guilty. The latter part of the instructions obviously had particular reference to the father and the party acquitted, because, while there was evidence tending strongly to prove the father's guilt, there

was other evidence tending not so strongly to show his innocence. The appellants had no just grounds of complaint at the instructions the Court gave the jury, and it was sufficiently comprehensive to embrace every material aspect of the case. We may add that the exception simply "to the charge as given" is too indefinite, and, in effect, no exception.

Affirmed.

AVERY, J., dissents.