THE STATE v. J. W. PRICE et al.

*Assault and Battery—Indictment—Former Acquittal—Charge.*

1. The words "assault and strike" in a warrant are sufficient to charge a simple assault, and such a warrant will support a plea of former acquittal.

2. It is not necessary that a warrant for assault should charge that it was issued upon a sworn complaint.

3. An instruction to the jury in an indictment for assault that if J. M. P., one of the defendants, started toward A., the prosecutor, with a nail-puller in his hand, and A. saw him and was thereby put in fear, then J. M. P. is guilty, is error, there being evidence that J. M. P. did not attempt to take any part in the fight.

This was an INDICTMENT for assault and battery, tried at the February Term, 1892, of UNION Superior Court, before *Bynum, J.*

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. R. H. Battle,* for defendant.

CLARK, J.: The Court instructed the jury that the plea of "former acquittal" could not be sustained because the warrant issued by the Justice of the Peace contained no charge. The words used therein that the defendants did "assault and strike" the prosecutor are sufficient. We learn, however, that the ruling was made upon the ground that the warrant did not recite that it was issued upon a "sworn" complaint.

In *State* v. *Bryson,* 84 N. C., 780 it is held: " An appellate Court, in reviewing the judgment of a Justice's Court in a criminal action can only look at the warrant, which is the complaint, and if that sufficiently sets out a criminal offence within its jurisdiction, it must be sustained. It cannot look behind the warrant for objections lying in the defects or irregularities of the preliminary evidence." The same principle applies when the sufficiency of the judgment is brought in question by a plea of former acquittal or conviction. *The Code,* § 1133 provides that the Justice shall examine the complainant on oath, but section 1134 does not require that the warrant shall recite that the complaint was made on oath. *State* v. *Bryson* was cited with approval in *State* v. *Peters,* 107 N. C., 876, and it is said : " The jurisdiction depends, not upon the affidavit preliminary to issuing the warrant, but on the nature of the offence charged in the warrant." The indictment charges the use of a deadly weapon, but on the trial the Court found that the stick used was not a deadly weapon. Hence the Justice had final

jurisdiction and the plea should have been sustained. This differs, of course, from cases tried in the Superior Court in the first instance, where, if a deadly weapon or serious injury is sufficiently charged in the indictment, the Court retains jurisdiction, although on the trial only a simple assault may be shown. *State* v. *Ray*, 89 N. C., 587 ; *State* v. *Fesperman*, 108 N. C., 770.

The Court also erred in charging that "if J. M. Price, the other defendant, started towards Austin with the nail-puller in his hands, and Austin saw him and was thereby put in fear, then J. M. Price was guilty," for this withdraws from the jury J. M. Price's testimony that he took no part in the fight, but when he saw his father and Austin engaged he started towards them to separate them and with no purpose to take any part in the difficulty ; that he did not draw the nail-puller in a striking attitude, and neither threw it nor attempted to do so, and was not conscious of having it in his hand until his attention was called to it, when he immediately dropped it. Though J. M. Price started towards Austin with the nail-puller in his hands, if he neither assaulted with it nor attempted to do so, he would not be guilty, even though the prosecutor may have been put in fear by the sight of the nail-puller which the defendant unconsciously had in his hands without any intention of using it. The defendant's guilt depends upon what he did, and not upon an erroneous impression of the prosecutor as to what his intentions were.

Error.