STATE v. YANCEY ALBERTSON.

*Indictment—Affray—Plea of Autrefois Convict.*

1. An affray being a mutual fighting, and an indictment therefor being against each person, one may be convicted and the other acquitted, or one may be convicted of an assault with a deadly weapon and the other of a simple assault.

2. A plea of former conviction or acquittal before a Justice of the Peace for a simple assault is a complete defence on a trial for the same offence in the Superior Court, unless it should appear in the latter that the defendant making the plea had, in fact, used a deadly weapon or inflicted serious injury, in which case, the Justice not having jurisdiction, the proceedings before him would be a nullity.

(AVERY, J., dissents.)

Indictment for an affray with a deadly weapon and serious injury, tried before *Bryan, J.,* and a jury, at August Term, 1893, of DUPLIN Superior Court.

The facts are sufficiently stated in the opinion of Associate Justice CLARK.

From the judgment on a verdict of "guilty" the defendant Albertson appealed.

*The Attorney General,* for the State.
*Mr. A. D. Ward,* for defendant (appellant).

CLARK, J.: The indictment charges an affray, in that the defendant and one Maready did beat and wound each other with deadly weapons. The defendant Albertson pleaded former conviction. It was admitted that he had been tried before a Justice of the Peace and punished for a simple assault. The evidence, on the trial before the Superior Court, as before the Justice, showed that he had used no deadly weapon and inflicted no serious injury, though Maready, whom the jury acquitted, had. Upon this evidence the plea of former conviction should have been sustained.

In *State* v. *Coppersmith*, 88 N. C., 614, the indictment charged that each of the parties indicted for an affray had used a deadly weapon. The evidence showed that Coppersmith was guilty only of a simple assault. The Court below thereupon held that it had no jurisdiction as to him. This was over-ruled on appeal. The reason for this more fully appears in *State* v. *Ray*, 89 N. C., 587 (and subsequent cases affirming it), which is, that the *charge* of using a deadly weapon confers jurisdiction, and that the Court, being a Court of general jurisdiction, will not dismiss the action upon it appearing that only a simple assault had been committed. The Court, in such cases, will proceed to judgment, though of course it cannot impose a sentence beyond the limit for a simple assault when tried before a Justice of the Peace. *State* v. *Johnson*, 94 N. C., 863; *State* v. *Nash*, 109 N. C., 824.

Here an assault with a deadly weapon is charged. The proof as to Albertson is of a simple assault. The conviction could only be for a simple assault. It is admitted that Albertson had been tried and punished for that. He cannot be punished again. It was error to overrule the plea of former conviction. *State* v. *Price*, 111 N. C., 703.

An affray is a mutual fighting, and an indictment therefor is a charge against each person. One may be acquitted and the other convicted of an assault, or one may be found guilty of an assault with a deadly weapon and the other of a simple assault. If convicted of the latter, a former conviction or acquittal therefor before a Justice of the Peace is a complete defence, though of course a judgment before a magistrate would not be a defence when, in the subsequent trial in the Superior Court, it appears that the defendant pleading former conviction (or acquittal) had, in fact, used a deadly weapon or inflicted serious injury. *State* v. *Huntley*, 91 N. C., 617; *State* v. *Shelly*, 98 N. C., 673. In such case, the Justice not having jurisdiction, the proceedings before him would be a nullity.                                                    Error.