## STATE v. SAM HIGHT.

(Decided May 5, 1899).

*Indictment—Two Counts—General Verdict.*

1. Where an indictment charges an assault with intent to commit a rape, and also a simple assault, a general verdict of guilty applies to the first count as well as to the second.

2. Where there was no evidence applicable to the count for the assault with intent, etc., and the jury were properly so instructed, a general verdict of guilty was wrong, and so was a judgment imposing a longer term of imprisonment than is allowed for a simple assault. The Code, sections 987 and 892.

INDICTMENT against the defendant for an assault with intent to commit a rape upon Emma Scott, also for a simple assault upon her.

There was no evidence of an assault with intent to commit a rape, and his Honor properly so instructed the jury. There was evidence applicable to the second count. The jury rendered a general verdict of *guilty,* and a sentence of 12 months imprisonment was rendered by the Court. Defendant appealed on the ground that neither the verdict nor the judgment were in accordance with the law.

*Messrs. Boone & Bryant,* and *Manning & Foushee,* for appellant.

*Mr. Zeb. V. Walser,* Attorney General, for the State.

FAIRCLOTH, C. J. The defendant stands indicted, first, for an assault with intent to commit rape; and second, for a simple assault. At the close of the evidence his Honor properly instructed the jury that there was no evidence of an assault with intent to commit rape. The jury rendered a verdict of "guilty." The defendant was sentenced to work on the roads for twelve months.

There must be a new trial. The general verdict "guilty" applies to the first count as well as to the second. The jury should have said on which count he was guilty, in order that the proper punishment might follow. His Honor seems to have understood the verdict to be on the first count as he imposed a longer term of imprisonment than is allowed for a simple assault, *i. e.,* 30 days. Code, Sections 987 and 892; *State v. Nash,* 109 N. C., 837; *State v. Johnson,* 94 N. C., 863; *State v. Albertson,* 113 N. C., 633.

New trial.