## STATE v. WALTER FAGG.

(Decided October 24, 1899.)

*Affray—Former Conviction—Nemo Bis Vexari Pro Eadem Causa, State v. Albertson, 113 N. C., 633.*

Where the defendant was prosecuted, convicted and punished, in the Justice's Court, for participating in an affray, in which a deadly weapon was used, but not by him, his plea of *former conviction*, when indicted in the Superior Court for the same offense, ought to have been sustained.

INDICTMENT for affray against defendant Fagg, and another, in which a deadly weapon was used, tried before *Moore, J.*, at July Term, 1899, of WAKE Superior Court. Defendant's plea of former conviction was disallowed by the Court, upon the evidence. Verdict, guilty. Judgment and appeal.

*Statement of Case on Appeal.*

This was an indictment against the defendant and one Ralph Fortune for an affray, in which a deadly weapon was used.

The defendant Fortune submitted to a verdict of guilty. The defendant Fagg pleaded former conviction. It was admitted that he had been tried before a Justice of the Peace, and punished for a simple assault. The evidence on the trial before the Superior Court, as before the Justice, showed that the defendant Fagg had used no deadly weapon and inflicted no serious injury—though Fortune, who submitted, had.

The defendant requested his Honor to charge the jury, under the admissions and evidence, to return a verdict of "not guilty." His Honor refused to so charge the jury, and

125——39

the defendant excepted.    His Honor, among other things, charged the jury that the defendant had failed to sustain his plea of former conviction.    Defendant excepted.    There was a verdict of guilty.    Judgment against the defendant for a fine of one dollar and one-half the costs of this action. Defendant excepted, and appealed to the Supreme Court.

Defendant, upon affidavit filed, allowed to appeal to the Supreme Court without giving bond for costs.

It is agreed that the above shall constitute the statement of the case on appeal in this action.

EDWARD W. POU,
*Solicitor.*
DOUGLASS & SIMMS,
*Attorneys for Defendant.*

This July 12, 1899.

*Messrs Douglass & Simms,* for appellant.
*Attorney-General,* for State.

DOUGLAS, J.    The essential facts are thus set out in the statement of the case:    "This was an indictment against the defendant and one Ralph Fortune for an affray, in which a deadly weapon was used.    The defendant Fortune submitted to a verdict of guilty.    The defendant Fagg pleaded former conviction.    It was admitted that he had been tried before a Justice of the Peace, and punished for a simple assault.    The evidence on the trial before the Superior Court, as before the Justice, showed that the defendant Fagg had used no deadly weapon, and inflicted no serious injury, though Fortune, who submitted, had.    The defendant requested his Honor to charge the jury, under the admission and evidence, to return a verdict of 'not guilty.'    His Honor refused to so charge the jury, and the defendant excepted.    His Honor, among

STATE *v.* FAGG.

other things, charged the jury that the defendant had failed to sustain the plea of former conviction."

This case presents the single point whether a plea of former conviction can be sustained where the defendant has been previously convicted before a Justice of the Peace of a simple assault in an affray where another defendant did use a deadly weapon. This point has been decided in *State v. Albertson,* 113 N. C., 633; and we see no good reason to reverse that decision. Sec. 892 of The Code was then in force, and, while not alluded to in the opinion, was construed by necessary implication. Whatever difficulties the Court then had, or we might now have if it were an open question, in arriving at such a conclusion, were apparently solved; and for the six years since intervening its decision, as far as we are aware, has never been questioned. It has thus become firmly established and should not be disturbed except for the gravest reasons.

Of course, when in the deliberate opinion of any court, any construction is subversive of the principles of natural justice, or of constitutional guarantees, in other words, where its continued enforcement would violate the conscience of the court, precedent must give way to conviction. But in the present case no such condition exist. The construction is in favor of the liberty of the citizen, and, as far as we can see, offers no obstruction to the proper administration of the law. The offense is slight, and its punishment is strictly limited by statute, a limitation applying equally to the Superior Court as well as to the Justice of the Peace. This defendant has already been punished, and the allowance of his plea of former conviction can not interfere with the proper punishment of his co-defendant.

The verdict of guilty will be set aside.

Error.