WALKER, J., dissenting.
The defendant was indicted and found guilty of an assault with a deadly weapon. The evidence of the State was to the effect that while Charles Thomas, prosecuting witness, was in the Driving Club, in Charlotte, defendant came into the club and, without warning, provocation or excuse, shot Thomas five times, inflicting upon him most serious bodily wounds. Two shots were fired after Thomas had fallen to the floor.
The evidence of the defendant was that there had been a quarrel at the fair grounds, the morning before the shooting, between the defendant's brother, Charles Thomas and Felix Thomas, in which Charles had offered defendant's brother, Sam Kimbrell, $10 to hit Felix, and had cursed defendant, who was not present. He further offered evidence that, before the shooting, sam [Sam] Kimbrell had communicated these facts to him, and that, after having taken two drinks of beer with Charles Thomas, defendant started to leave the Driving Club, when Thomas grabbed him by the shoulder and said, "Now, God damn you, I will settle with you"; whereupon defendant shot Thomas four or five times. Defendant then offered to prove by one John Ward, Jr., that, a short time prior to the shooting, Charles Thomas had said to him (witness) that defendant owed his (Thomas') sister $200, and that he would either have to pay it back or he would "fix him" if he crossed his path, and that this threat was communicated to the defendant prior to the shooting.
Upon objection by the State, the court refused to allow the evidence to be received as substantive evidence, but only for the purpose of impeaching the witness Thomas. This was excepted to, and constitutes the only exception in the case.
The only question raised by this appeal is as to the competency of the evidence of previous communicated threats of violence, made by the prosecutor against the defendant. The point has been settled by repeated decisions of this Court that previous threats are not *Page 676 
competent as substantive evidence, except in cases of homicide. (704) S. v. Norton, 82 N.C. 628, cited and approved in S. v. Skidmore, 87 N.C. 509; S. v. Harrell, 107 N.C. 946; S. v. Goff,117 N.C. 762. There are many others to the same effect.
The principle and the reasons given are stated so clearly in the above and other cases, and are so well known and adhered to, that we need only refer to these cases. All that is pertinent to show in cases of assault and batteries and affrays is what took place at the time, or so near thereto as to be part of the res gestae. From that the jury can determine whether the parties fought willingly or in self-defense. To admit evidence of previous quarrels or threats in such case would consume the time of the courts for no good reason.
In homicide cases, evidence of previous threats is admissible, but only if the killing was in self-defense or the evidence is circumstantial. S. v.Turpin, 77 N.C. 473; S. v. Hensley, 94 N.C. 1021; S. v. Byrd, 121 N.C. 684.
But in assault and battery the evidence is usually direct — not circumstantial — and both parties can testify, and the jury can judge of what the parties did, without a narration of their wrangles and quarrels at other times and places. The defendant got all the benefit of the evidence which he was entitled to, when the judge admitted the testimony of previous threats by the prosecuting witness as impeaching testimony. Besides, a threat, if made, to "fix" the defendant, was too indefinite to authorize or justify the defendant to walk up and fire five shots into the prosecutor, without warning or provocation, according to the State's evidence, or, according to the defendant's own evidence, after taking two drinks with the prosecutor, to shoot him five times when he grabbed him by the shoulder. The jury were fully competent to decide, upon the evidence before them, whether the defendant was acting in self-defense or not, and they found he was not. It is singular that such a defense can be urged, when the evidence is uncontradicted that the defendant shot the prosecutor five times at close range and twice after he fell to the floor — when, too, there was no evidence that the prosecutor used or even had a weapon.
No error.