### STATE v. JAMES LANCASTER AND RICHARD PARKER.

(Filed 10 March, 1915.)

**1. Appeal and Error—Criminal Law—State's Appeal—Statutes.**

An appeal will lie on behalf of the State from an order quashing a bill of indictment. Revisal, 3276 (3).

**2. Criminal Law—Indictment—Affray—Abusive Language.**

One who by the use of such abusive language or offensive conduct towards another as is calculated and intended to bring on a fight is guilty of an affray, although he did not return the blow given him in consequence; and an indictment charging, among other things, that one of the defendants used language to the other calculated to bring on a fight, and that the fight ensued, and that they "did mutually beat and assault each other," sufficiently charges an affray.

**3. Criminal Law—Indictment—Affray—Place.**

In an indictment for an affray it is unnecessary to charge or prove the place where the offense is charged to have been committed. The form of the indictment in this case is held sufficient. Revisal, secs. 3254, 3255.

**4. Criminal Law—Affray—Deadly Weapon—Superior Court—Jurisdiction.**

The Superior Court has jurisdiction of an affray when only one of the parties engaged therein uses a deadly weapon.

**5. Criminal Law—Affray—Superior Court—Motion to Quash—Justice's Court —Defenses.**

One indicted in a justice's court for an affray without the use of a deadly weapon, who has therein been convicted or acquitted, may show it as a full defense, upon trial under an indictment originating in the Superior Court; but this position is not available in the latter court on a motion to quash.

APPEAL by the State from *Peebles, J.,* at October Term, 1914, of CRAVEN.

*Attorney-General for the State.*
*D. E. Henderson for defendant.*

CLARK, C. J. The defendants were indicted for an affray. The indictment charged that the defendants "did willfully and unlawfully assemble together, and did mutually assault and beat each other, Richard Parker by using language calculated and intended to bring on a fight and a fight ensuing, and James Lancaster using a deadly weapon, towit, a gun, and to, with, and against each other in a public place did fight and make an affray," etc.

The court, on its own motion, quashed the indictment as to Parker and dismissed the action as to him, from which decision the State appealed. Revisal, 3276 (3).

In *S. v. Fanning,* 94 N. C., 940, the defendants were indicted for an affray, and it was held that if a person by such abusive language or

offensive conduct towards another as is calculated and intended to bring on a fight induces that other to strike him, he is guilty, although he did not return the blow. To same purport, *S. v. Davis,* 80 N. C., 351; *S. v. Robbins,* 78 N. C., 431; *S. v. Downing,* 74 N. C., 184; *S. v. Perry,* 50 N. C., 9. Here the charge is, "Did mutually assault and beat each other."

In *S. v. Griffin,* 125 N. C., 692, it was held that the place need not be charged nor proven. The form of the indictment is sufficient. Revisal, 3254, 3255.

His Honor seems to have been of the opinion that the defendant Parker could not be tried for the affray in the Superior Court, because he did not use a deadly weapon. In *S. v. Coppersmith,* 88 N. C., 614, it is held: "An affray is cognizable in the Superior Court as to both defendants where it appears that a deadly weapon was used by either." This has been cited and approved, *S. v. Albertson,* 113 N. C., 634. To same effect, *S. v. Ray,* 89 N. C., 587, and cases cited to that case and to *S. v. Ray* in the Anno. Ed.

If Parker, not having used a deadly weapon, had been convicted or acquitted before a justice of the peace, this would have been a full defense as to him (*S. v. Fagg,* 125 N. C., 609), but this could not appear on a motion to quash.

The judgment quashing the bill as to the defendant Parker is
Reversed.