STATE v. EDGAR PALMER, HOWARD TRULL, JACK MULKEY, DAVE MEDLIN, BUREN BOWERS, AND ERNEST BOWERS.

(Filed 22 September, 1937.)

**1. Criminal Law § 53e—**

Where the court below sufficiently and correctly defines reasonable doubt and self-defense involved in the prosecution, defendant's exceptions to the charge on these points cannot be sustained in the absence of a request for more specific instructions.

**2. Assault § 11—Where jury returns verdict of simple assault, court may not impose imprisonment for more than thirty days.**

In this prosecution for assault with a deadly weapon, appealing defendant relied upon and introduced evidence of self-defense and of matters in justification. The trial court instructed the jury that under the indictment and evidence the appealing defendant might be convicted of assault with a deadly weapon or of a simple assault. The jury convicted appealing defendant of simple assault, but in imposing judgment the court found as a fact that said simple assault inflicted serious injury, and imposed a sentence of four months on the roads. *Held:* The jury alone were the triers of fact, and the verdict of simple assault was permissible under the indictment and evidence, N. C. Code, 4640, and the court was without power to sentence the appealing defendant to more than thirty days imprisonment, N. C. Code, 4215, and the case is remanded for proper judgment.

APPEAL by defendant Edgar Palmer from *Phillips, J.,* and a jury, at March-April Term, 1937, of CHEROKEE. No error in the trial. Error in the judgment. Remanded for judgment.

The following bill of indictment was returned a true bill by the grand jury:

"STATE OF NORTH CAROLINA—CHEROKEE COUNTY.

SUPERIOR COURT, MARCH-APRIL TERM, 1937.

"The jurors for the State upon their oath present, That Jack Mulkey, Edgar Palmer, Buren Bowers and Ernest Bowers, Dave Medlin, and Howard Trull, on the 15th day of November, in the year of our Lord one thousand nine hundred and thirty-six, in the county of Cherokee, did unlawfully and willfully mutually assault and beat each other, with deadly weapons, to wit, rocks, sticks, clubs, knives, guns, and pistols, and to, with, and against each other, in a public place did unlawfully and willfully fight and make an affray, to the terror and disturbance of divers of citizens of the State, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.         JNO. M. QUEEN, *Solicitor.*"

"True Bill, W. R. Dockery, Foreman Grand Jury."

The defendants were duly put on trial and the verdict of the jury was as follows: "Verdict: As to Edgar Palmer and Jack Mulkey, guilty of simple assault; as to Buren Bowers and Ernest Bowers, guilty as charged in the bill of indictment." Upon the coming in of the verdict, the defendant Edgar Palmer moved to set aside the verdict. Motion overruled and the defendant Edgar Palmer excepted.

The judgment of the court below as to Edgar Palmer is as follows: "As to the defendant Edgar Palmer, the jury having returned a verdict of simple assault against the defendant Edgar Palmer, the court finds as a fact from the evidence in the case that said simple assault on the part of Edgar Palmer inflicted serious injury to the person of Ernest Bowers, the court finds as a fact that the injuries sustained by the defendant Ernest Bowers, at the hand of Edgar Palmer, to wit, a broken jaw, serious cuts and lacerations and bruises on the head and face, were serious injuries within the meaning of the law: Therefore the judgment of the court is that the defendant be confined in the common jail, assigned to work under the supervision of the State Highway and Public Works Commission for a period of four (4) months."

The defendant Edgar Palmer excepted and assigned errors, and also as to the judgment rendered against him, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Gray & Christopher and J. D. Mallonee for defendant Edgar Palmer.*

CLARKSON, J. From a careful reading of the charge of the court below, the defendant's exceptions and assignments of error to the charge (1) as to what constituted reasonable doubt, and (2) the failure to fully instruct the jury as to what it takes to constitute self-defense, under the law, cannot be sustained.

We think the charge as to reasonable doubt is, beyond question, correct. *S. v. Schoolfield,* 184 N. C., 721; Black's Law Dictionary, at p. 617. The court below defined self-defense fully under the law, and later in the charge pointed out that the defendant Palmer relied upon the plea of self-defense. It is well settled that if the defendant wanted more specific instructions, he should have made a special request therefor. *S. v. Fleming,* 202 N. C., 512 (514). As to the judgment pronounced against the defendant Edgar Palmer, we think the court below in error. The jury were the sole and only triers of the facts. *S. v. Fogleman,* 204 N. C., 401 (404-5). The verdict was permissible on the facts appearing in the record. It may be the jury concluded that defendant was acting in self-defense and justified in the occurrence with a

drunken man and his brother, one of whom came in the house where Palmer was and terrified a sick woman. When the affair was over, the defendant Edgar Palmer, without weapon, went behind one of the brothers (the other had left the scene) and made him go into the house and apologize to the woman. Thus, the jury no doubt concluded that Palmer was guilty only of a simple assault. The evidence discloses that the general reputation of these two brothers, Buren and Ernest Bowers, was bad. Palmer was cut five times on the head and seven times on the back. In fact, the court below, in the charge, said: "Now, as to the other four defendants, that is, Ernest Bowers, *Edgar Palmer,* Dave Medlin, and Jack Mulkey, the court charges you that you may convict either of them or all of them as charged in the bill of indictment, that is, of an affray in which deadly weapons were used, or you may convict either one or all of them of an affray in which no deadly weapons were used, if you find that neither one of them who were engaged in the affray were using any deadly weapons in the affray, and if you find the ones engaged in the affray used no deadly weapons, and that they did not assist, aid, and encourage those who did; in other words, you may convict any one of the other four defendants of an assault with a deadly weapon, *or you may convict them of a simple assault in the affray.*" A lesser degree of the same crime. N. C. Code, 1935 (Michie), sec. 4640.

The charge on this aspect was repeated several times: "But if you find some of the defendants guilty of an assault or an affray in which deadly weapons were used, or others not guilty of the use of a deadly weapon, but guilty of a simple assault, or guilty of an affray in which no deadly weapons were used, then you will designate such defendants as you find guilty of an assault, and designate such defendants as you find guilty of an assault with a deadly weapon, and designate such defendants as you find guilty of an affray in which no deadly weapons were used, and designate such defendants as you find guilty of an affray in which deadly weapons were used." The jury returned a verdict against Edgar Palmer, "Guilty of simple assault."

N. C. Code, 1935 (Michie), sec. 4215, is as follows: "In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: *Provided,* that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill, or with intent to commit rape, or to cases of assault or assault and battery by any man or boy over eighteen years old on any female person: *Provided,* that in all cases of assault and battery, and affrays, wherein deadly weapons are used and serious injury is inflicted,

and the plea of the defendant is self-defense, evidence of former threats against the defendant by the person alleged to have been assaulted by him, if such threats shall have been communicated to the defendant before the altercation, shall be competent as bearing upon the reasonableness of the claim of apprehension by the defendant of death or serious bodily harm, and also as bearing upon the amount of force which reasonably appeared necessary to the defendant, under the circumstances, to repel his assailant." The case at bar is not an assault on a female by a man or boy over eighteen years of age, and does not come under the proviso of the above statute.

In *S. v. Battle,* 130 N. C., 655 (656), we find: "Had the court the authority to impose such a sentence—to impose a sentence for more than thirty days imprisonment or a fine of fifty dollars? That is the only question in this appeal, and the answer is, the court did not have that power. In cases where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days. In Code, sec. 987 (sec. 4215, *supra*); *S. v. Nash,* 109 N. C., 824; *S. v. Johnson,* 94 N. C., 863; *S. v. Albertson,* 113 N. C., 633. The Superior Court, in a case like this one, could not impose a sentence beyond the limit for a simple assault or affray where no deadly weapon had been used and no serious damage done, when tried before a justice of the peace. *S. v. Albertson, supra.* The Superior Courts and courts of justices of the peace have concurrent jurisdiction of such offenses as the one charged in the bill of indictment. Code, sec. 892; *S. v. Bowers,* 94 N. C., 910." *S. v. Lefler,* 202 N. C., 700.

For the reasons given, we find

No error in the trial.

Error in the judgment. Remanded for judgment.